513 A.2d 528

James A. Mann, Inc. *v.* Upper Darby School District and Paul W. Getz, Individually and Paul W. Getz and Associates, Architect, P.C. Upper Darby School District, Appellant.

Argued June 12, 1986, before Judge MACPHAIL, and Senior Judges ROGERS and BARBIERI, sitting as a panel of three.

*Charles T. Roessing,* with him, *I. Steven Levy, White and Williams,* for appellant.

*Richard E. Geschke, Jr.,* with him, *Hugh J. Hutchison, Sprecher, Felix, Visco, Hutchison & Young,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, July 29, 1986:

This is an appeal by the Upper Darby School District (District) from an Order of March 11, 1985, in the Court of Common Pleas of Delaware County, which denied the District leave to amend its answer to the complaint in trespass and assumpsit filed by the plaintiff, James A. Mann, Inc. The District desired to amend its answer to include the affirmative defenses of governmental immunity and statute of limitations. We reverse.

The following facts are pertinent. On or about August 18, 1982, Mann filed a complaint in trespass and assumpsit against the District and its Board of Directors. The complaint contained six counts in assumpsit which alleged various breaches of a contract which Mann had with the District for the removal of asbestos from the Upper Darby High School Administration Building and the Beverly Hills Junior High School. The two counts in trespass alleged slander and tortious interference with Mann's contractual relationships. The District's initial answer to the eight count complaint raised no affirmative defenses. Counsel for the District's insurance carrier advised the District's counsel to amend the answer to raise the defenses of governmental immunity and statute of limitations. The District's coun-

sel failed to do so, however. When the District's counsel was later joined as an additional defendant, the insurer's counsel took over as trial counsel. Following the successful raising of governmental immunity and statute of limitations by the District's initial counsel whereby counsel was dismissed as an additional defendant, the District sought leave to amend its answer to raise those affirmative defenses. The common pleas court denied leave to amend and the District appealed.

In this appeal, the sole issue raised by the District is whether the common pleas court abused its discretion when it denied the District leave to amend its answer to include the affirmative defenses of governmental immunity and statute of limitations. In addition, Mann has filed a motion to quash the appeal contending that the common pleas court's order is interlocutory and not appealable. We shall deal first with the motion to quash.

Our appellate courts have consistently held that, unless a special right to appeal is expressly given by statute, an appeal may only be taken from a final order. Pa. R.A.P. 311 and 702(a); *Pellegrine v. Home Insurance Co.*, 200 Pa. Superior Ct. 48, 186 A.2d 662 (1962). A "final order" for purposes of appeal is one which is separable from and collateral to the main cause of action, the right involved is too important to be denied review, and the question presented is such that if review is postponed until final judgment the claimed right will be irreparably lost. *Brink's, Inc. v. Pennsylvania Public Utility Commission*, 68 Pa. Commonwealth Ct. 196, 448 A.2d 709 (1982). Generally, orders granting or denying leave to amend pleadings are interlocutory and are not immediately appealable. *Tate v. MacFarland*, 303 Pa. Superior Ct. 182, 449 A.2d 639 (1982). However, an order denying a motion to amend an answer is final and appealable when that proposed amended answer sought

to raise a new affirmative defense. *Sechler v. Ensign-Bickford Co.*, 322 Pa. Superior Ct. 162, 469 A.2d 233 (1983). Such an order is final in that it effectively puts the litigant out of court insofar as that issue is concerned. *See Posternack v. American Casualty Co.*, 421 Pa. 21, 218 A.2d 350 (1966). Therefore, the order of the common pleas court which denied the District leave to amend its answer to raise the affirmative defenses of immunity and statute of limitations was a final order and properly appealable. Mann's motion to quash must be denied.

We now turn to the District's contention that the common pleas court abused its discretion when it denied the District leave to amend its answer. Amendment of pleadings is governed by Pa. R.C.P. No. 1033, which reads as follows:

> *Rule 1033. Amendment*
> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Our Supreme Court has held that the right to amend a pleading should be liberally granted. *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983); *Otto v. American Mutual Insurance Co.*, 482 Pa. 202, 393 A.2d 450 (1978). This liberal amendment of pleadings is designed to allow the full development of a litigant's theories and averments. *Beardell v. Western Wayne School District*, 91 Pa. Commonwealth Ct. 348, 496 A.2d 1373 (1985). The right to amend should be

granted at any stage of the proceedings unless there is resulting prejudice to the other party or where the amendment is against a positive rule of law. *Gallo v. Yamaha Motor Corp., U.S.A.,* 335 Pa. Superior Ct. 311, 484 A.2d 148 (1984); *Bevans v. Hilltown Township,* 72 Pa. Commonwealth Ct. 227, 457 A.2d 977 (1983).

In denying the District leave to amend its answer, the common pleas court found that such an amendment to raise the affirmative defenses of governmental immunity and statute of limitations would unduly prejudice Mann. In its opinion, the common pleas judge wrote:

. . . All parties have undergone extensive, lengthy and, perhaps, expensive discovery in order to prepare properly for trial. Such discovery allows the parties to develop a coherent approach to the ultimate trial of their case. Here, the plaintiff [Mann] has been preparing its case based on the assumption that a colorable claim exists against U.D.S.D. [District]. Dismissal of U.D.S.D. at this late date would certainly prejudice its ability to try the case.

Counsel for U.D.S.D. suggest that the plaintiff was neither surprised nor prejudiced by the existence of these potential defenses since the solicitor for Upper Darby used these affirmative defenses in securing [the solicitor's] dismissal. *While that may be true, . . . .* In order to justify its failure to note the existence of these defenses, U.D.S.D. cannot now claim a lack of surprise or prejudice on the bases that such defenses have been properly pleaded by another party. (Emphasis added.)

Slip. Op. at 3-4, R.R. at 60a-61a. The common pleas court, in its opinion supporting the order which denied the District leave to amend its answer, virtually found that Mann was neither surprised nor prejudiced at the

District's attempt to raise the defenses of governmental immunity and statute of limitations. Rather, the common pleas court found prejudice to Mann in the likely success of those defenses, citing the ease by which the District's solicitor obtained its dismissal from the action through their use and that Mann had expended time and effort in preparation to try its case against the District. We feel that the common pleas court misconstrued the type of prejudice required to be suffered by an adverse party in order to warrant denying leave of court to amend a pleading under Pa. R.C.P. No. 1033.

The probability that an offered affirmative defense will be successful is not sufficient prejudice to deny a party leave to amend in that a showing of a reasonable possibility of success is a ground for granting leave to amend. *See Dietrich Industries, Inc. v. Abrams,* 309 Pa. Superior Ct. 202, 455 A.2d 119 (1982). The prejudice to the adverse party must be more than a mere detriment to that party's position in that any amendment would almost certainly be designed to strengthen the legal position of the amending party to the detriment of the adverse party. *Sands v. Forrest,* 290 Pa. Superior Ct. 48, 434 A.2d 122 (1981). The prejudice to the adverse party, to be sufficient to warrant a court denying a party leave to amend a pleading, must stem from the delay in raising the defense and prejudice to the substantive position of the adverse party. The mere fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend to raise an affirmative defense which has a substantial likelihood of success. The common pleas court abused its discretion in denying the District leave to amend its answer for just that reason and its order must be reversed.

### ORDER

Now, July 29, 1986, the motion of James A. Mann, Inc., to quash the appeal of Upper Darby School District of the Order of the Court of Common Pleas of Delaware County at Docket No. 82-10645, dated March 11, 1985, is denied and the aforesaid Order, which denied the Upper Darby School District leave to amend its answer to raise the affirmative defenses of governmental immunity and statute of limitations, is reversed and this matter is remanded to the aforesaid court for further proceedings consistent with this opinion.

Jurisdiction relinquished.