580 A.2d 794

Timothy TOPPER, a Minor, by Lori Anne
TOPPER, Appellee,

v.

Harrison KULP and Betty Kulp, h/w, Lori Anne Topper,
George Hicks, Jr., a Minor, Richard C. Goodwin and
Goodwin Homes, Inc.

**Appeal of Richard C. GOODWIN and Goodwin Homes, Inc.**

Superior Court of Pennsylvania.

Argued June 12, 1990.

Filed Sept. 18, 1990.

Deborah L. Doyle, Allentown, for appellants.

David M. Jakobi, Paoli, for Topper, appellee.

Before BECK, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

This case involves an appeal from the order of the Court of Common Pleas of Northampton County denying a motion to file amended pleadings by the appellants/defendants, Richard C. Goodwin and Goodwin Homes, Inc. We reverse.

The record, as herein relevant, reveals that on or about July 14, 1986, the then nine-year-old plaintiff (Timothy Topper) was riding a motorized minibike in a vacant lot owned by the appellants and situated across the street from the residence of his cousins (Harrison and Betty Kulp and their son, Chris). While the plaintiff (in the company of Chris) rode the minibike, he collided with a motorcycle driven by George Hicks and owned by Chris Kulp. The accident resulted in Timothy Topper sustaining facial and head injuries, and this prompted the filing of a four-count complaint against the Kulps, Hicks and the appellants seeking damages in excess of ten thousand dollars.

As to count IV of the complaint, the Toppers alleged that the appellants, as the landowners, were liable on theories of recovery premised upon "negligence" and "willful and wanton misconduct" leading to the injuries sustained by Timothy Topper. In response, Harrison and Betty Kulp joined Timothy Topper's mother, Lori Anne Topper, as an additional defendant, and filed an answer and new matter denying any liability for Timothy Topper's injuries. Likewise, Chris Kulp, represented by separate counsel, filed an answer with new matter denying accountability for the injuries incurred by Timothy Topper, and joining Harrison and Betty Kulp and the appellants as additional defendants.

Additional pleadings appear of record which need not be recounted to cause the matter to be resolved, albeit we do note that a praecipe in compliance with Pa.R.Civ.P. 237.1 was filed by the plaintiffs against George Hicks, and by stipulation of all parties Chris Kulp was dropped as a party to the suit. Further, in the appellants' answer to the plaintiffs' complaint, as is herein relevant, they denied failing to exercise reasonable care or acting willfully, maliciously and recklessly in regard to the property in question. See Paragraphs 23 & 24.

By order of court dated August 21, 1989, the pleadings were closed and each party was directed to complete discovery, including interrogatories and depositions, within three months from the date of the order. Thereafter, a rule was issued on November 21, 1989, and made returnable December 6, 1989, upon the plaintiffs to show cause, if any there be, why the appellants' petition for leave to amend the pleadings to add the Recreation Use of Land and Water Act (RULWA), 68 P.S. § 477–1 et seq., to their new matter should not be granted.

The appellants asserted that, based on the depositions taken during discovery, they were immune from liability under the RULWA as owners of land on which the plaintiff—Timothy Topper "entered free of charge for recreational purposes." Paragraph 4. And, because discovery was continuing and the matter was not set for trial in the

foreseeable future, they would be prejudiced in the defense of their case if they were not allowed to amend their new matter. In a memorandum attached to the petition, the appellants averred that Pa.R.Civ.P. 1033 afforded them the chance to seek amendment of their pleading ("new matter") "any time by leave of court." Because the discovery process was still "ongoing", this negated the presence of prejudice to the plaintiffs and, as a result, warranted the allowance by the court of the appellants' request to amend to offer the bar and limiting effect of the RULWA. See Proposed Amendment to New Matter by the appellants at paragraph 10.

In response, the plaintiffs filed an answer claiming that the desired amendment was being sought to new matter "after the last scheduled deposition was completed." They also "denied that none of the parties would be prejudiced by permitting Defendants to amend their New Matter." Lastly, the plaintiffs charged that additional costs, further delay and the absence of any showing by the appellants that "their purported defense would be successful" justified the denial of the appellants' petition to amend. In a memorandum attached to their response, the plaintiffs recounted how they had charged the appellants with the commission of negligence and/or willful, wanton and malicious misconduct resulting in the injuries to Timothy Topper. Next, the plaintiffs contended that the appellants' petition to amend had been filed "less than one week before the scheduled termination of discovery on 11/21/89." As a consequence, even though Rule 1033 permitted amendments to pleadings at any time with leave of court, they argued, where prejudice to the opposing party would result, the relief requested should be denied.

"Prejudice", as defined by the plaintiffs and as exists in case law, stems from the "delay" in raising the amendment so as to affect the "substantive position of the adverse party." See Plaintiffs' Memorandum of Law at page 3, quoting *Mann v. Upper Darby School District, et al.*, 99 Pa.Cmwlth. 276, 513 A.2d 528 (1986). Such prejudice is

claimed by the plaintiffs, as recited in their Memorandum of Law at pages 4–5, to consist of *added* time, cash and effort required to be expended by them in having to conduct discovery a "second time" to inquire into the appellants' claim of a new affirmative defense—RULWA. Those alleged "new" facts are refuted by the plaintiffs on the ground that such facts were clearly set forth in the plaintiffs' complaint at paragraphs 9, 10 and 11 permitting the assertion of such a defense earlier in the pleading process. Thus, the plaintiffs argue that "[r]aising this [RULWA] defense ... after the discovery is complete ... clearly prejudices the Plaintiff *because* the effort to amend has been *late.*" Id. at page 5 (Emphasis in original).

In an order and statement of reasons issued by the court below on December 11, 1989, the appellants' petition to amend was denied. This appeal followed.

■ Preceding our inquiry into the propriety of the lower court's denial order, we need to decide (both parties having taken opposite views on the question) whether the order entered is interlocutory.

In this Commonwealth, it is quite evident that the jurisdiction of Superior Court to hear appeals is restricted to final orders;[1] to-wit:

> The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (1981).

[1]. Because we are not dealing with an interlocutory appeal granted by permission (42 Pa.C.S. § 702(b); Pa.R.App.P. 312), or an interlocutory appeal as of right (42 Pa.C.S. § 702(a); Pa.R.App.P. 311), we restrict our review to a determination of whether the order is final for appeal purposes.

■ Generally, an order is not a "final order" unless it serves to put the litigant "out of court" either by ending the litigation or disposing of the case entirely. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). Further, an order does not put a party "out of court" unless it precludes proof of facts at trial, which if determined in favor of the pleader, would provide him with a complete defense to the action. *Ventura v. Skylark Motel*, 431 Pa. 459, 246 A.2d 353, 355 (1968).

In *Posternack v. American Casualty Co. of Reading*, 421 Pa. 21, 218 A.2d 350 (1966), the trial court issued an order refusing the appellant's request to amend its answer to assert a new affirmative defense. On review, the Supreme Court ruled that the pre-trial order was not interlocutory in nature and entertained the appeal. In doing so, the Court explained:

> The plaintiff filed a motion to quash the appeal on the ground that the order appealed from is interlocutory. On this question, our language in the recent decision of *Adcox v. Pennsylvania Mfgrs. Ass'n Cas. Ins. Co.*, 419 Pa. 170, 213 A.2d 366 (1965) is apposite. See also, *Pellegrine v. Home Ins. Co.*, 200 Pa.Super. 48, 186 A.2d 662 (1962). The order is not interlocutory, and the motion to quash will be overruled. The new defense proposed is affirmative in nature and must be pleaded, otherwise it is waived. See, Pa.R.Civ.P. 1030, 1032, and *Lang v. Recht*, 171 Pa.Super. 605, 91 A.2d 313 (1952). The order involved effectively precludes proof at trial of what might possibly be a complete defense to the cause sued upon. As to this defense, at least, the order appealed from puts the defendant "out of court". It is, therefore, an appealable order.

421 Pa. at 23–24, 218 A.2d at 351. Accord *Zarnecki v. Shepegi*, 367 Pa.Super. 230, 532 A.2d 873 (1987) (en banc), allocatur denied, 518 Pa. 643, 542 A.2d 1371 (1988).

In the instant case, under the *Posternack* rationale, we need to assess the possibility of a complete defense being lost to the appellants with the lower court's order denying the petition to amend to assert the RULWA as a defense. The lower court's and the plaintiffs' positions to the con-

trary notwithstanding, we look to the recent ruling of *Friedman v. Grand Central Sanitation, Inc.*, 524 Pa. 270, 571 A.2d 373 (1990), for direction.

In *Friedman*, stated succinctly, the high Court ruled that the pristine language of the RULWA "immunize[s] a landowner whose land is used for recreational purposes by the public without charge, whether or not he has invited or permitted the public to enter his land." Id., 524 Pa. at 278, 571 A.2d at 376–377. Before such immunity can be accorded to a landowner, however, three conditions must coalesce; namely:

> (1) the landowner must not have willfully or maliciously failed "to guard or warn against a dangerous condition, use, structure, or activity" on the land, 68 P.S. § 477–1; (2) the landowner did not charge the plaintiff for the recreational use of the land, id.; and (3) the injured plaintiff entered the land for "recreational purposes", id. at § 477–3.

See *Zackhery v. Crystal Cave Co.*, 391 Pa.Super. 471, 474, 571 A.2d 464, 465 (1990) (Citation omitted).

As is indicative in the pleadings of the plaintiffs, there is no assertion that the appellants charged a fee for entry onto the land, nor is there an allegation that the plaintiff— Timothy Topper entered the appellants' land for "non-recreational purposes". Therefore, the question for us concerns whether an allegation was made that the landowner willfully or maliciously failed to guard or warn the plaintiff—Timothy Topper against a dangerous condition, use, structure, or activity on the land. If such were the case, and it was denied in responsive pleadings, the appellants' inability to amend their answer would foreclose the assertion of an affirmative defense, e.g., the plaintiffs' contention of willful and malicious failure to warn or guard against a dangerous condition at the situs of the accident would constitute a genuine issue of fact to be resolved by the trier-of-fact; it would not be a subject that would receive treatment within the context of a motion for summary judgment. See Pa.R. Civ.P. 1035.

At bar, the plaintiffs have set forth in their pleadings that the appellants have engaged in willful and malicious misconduct taking them out of the immunizing sphere of the RULWA, and if established at trial, the appellants could not rely on the RULWA as a shield to repel the slings and arrows of liability thrust at them by the plaintiffs. See Plaintiffs' Complaint, Paragraph 24(a)–(c), to which the appellants responded to in Answer at Paragraph 24 by denying the same. Further, the appellants contended in their Memorandum of Law, attached to their petition to amend that:

> During the discovery process, [appellants] ha[d] learned through the deposition testimony of the various parties, that plaintiff's injuries occurred when he was operating his minibike for recreational purposes free of charge on the unimproved property of Defendant Goodwin Homes, Inc.

This, in and of itself, would not justify the grant of the petition to amend given that the plaintiffs argued that their complaint put the appellants on notice of the facts purportedly learned only after the taking of depositions. See Plaintiffs' Memorandum of Law attached to Answer To Petition For Leave To Amend Pleadings at page 4.

Rather, our own reading of the pleadings of record and the law of amendatory pleading would lead us to allow the appellants' request to amend. For example, albeit the plaintiffs claimed that the appellants engaged in prohibited conduct (considered an exception to the immunizing effect of the RULWA), their failure to present evidence of such conduct at trial (which they claim would never occur) would preclude the appellants from offering the buffering effect of the RULWA because there had been no evidence submitted in the plaintiffs case-in-chief to require such a response.[2] See *Posternack*, supra. As such, they could be

2. Parenthetically, if the facts were to the contrary, then the jury could be advised that if it found that the appellants did not engage in willful and malicious conduct, then, under the RULWA, the appellants would be entitled to be exonerated from any level of liability, despite the fact that negligence might have been attributed to the appellants. See

held liable for engaging in negligent activity, the second prong of the plaintiffs' attack upon the appellants—the first being willful and malicious conduct, which would succumb to the insulating effect of the RULWA *if pleaded.*

If the plaintiffs, in truth, intend only to pursue a cause of action premised on negligence, which they contend in their memoranda below and in their brief to us on appeal, then this is even more reason to allow the appellants to amend their answer to include the RULWA as a complete defense. No evidence of willful and malicious conduct and/or charge of entrance fee results in a complete defense to landowners sued by injured parties entering their land for recreational purposes. See *Friedman,* supra; *Zackhery,* supra.

Accordingly, in denying the appellants the opportunity to amend their answer to plead the RULWA, the order of court precludes proof at trial of what might possibly be a complete defense to the cause sued upon. See *Posternack,* supra. Thus, the order being appealed is found not to be interlocutory. See *Bender's Floor Covering Co. v. Gardner,* 387 Pa.Super. 531, 564 A.2d 518 (1989).

■ As to whether the lower court abused its discretion in refusing the appellants leave to amend, it is well-established in this Commonwealth that such amendments should be liberally allowed except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law. See *Kilian v. Allegheny Co. Dis.,* 409 Pa. 344, 185 A.2d 517 (1962).

It is the position of the plaintiffs that they focused their discovery/depositions upon a claim premised upon the Attractive Nuisance Doctrine. See Plaintiff's Appellate Brief at pages 6–7, wherein they assert:

> The case as pled [sic] was based on liability ... commonly referred to as the Attractive Nuisance Doctrine....
>
> Discovery was conducted with the intent in mind of meeting the standards set for recovery under the Attrac-

*Friedman,* supra. These remarks are made in response to the lower court's belief that the appellants' defense is "of very dubious relevance." See Lower Court Opinion at page 3. We think otherwise.

tive Nuisance Doctrine.  Different types of questions and different avenues of discovery would have been followed had the counsel for the Child–Plaintiff–Appellee been on notice that the defendants intended to invoke the Recreation Immunity defense. *This discovery would have been directed to revealing in detail the landowners' wilful [sic] and wanton misconduct.*  Additional witnesses would have been deposed.  Witnesses already deposed would have been asked more extensive questions concerning their knowledge about the property's use by children and the steps they took to make it safe or to discover hazards.

(Emphasis added)

It is difficult for this Court to believe, with the plaintiffs' initial contentions of willful and malicious misconduct attributed to the appellants/landowners in their complaint, and a denial of the same by the appellants in their answer, that the plaintiffs now admit of no intention of pursuing discovery intent on responding to *the denial of and reveal the landowners' claimed willful and malicious misconduct.*  See Plaintiffs' Complaint, Paragraph 24(a)–(c); Appellants' Answer, Paragraph 24.  We find this to be disingenuous, for if such be the case, as discussed earlier, then the failure of the plaintiffs to attempt to prove that the appellants engaged in willful and malicious misconduct in regard to the site of the injury affords them the right to proffer the RULWA as a complete defense.  With the preceding criterion absent from the scenario, when coupled with the recreational use by the complainant and the charging of no fee by the landlord for such use of the land, the RULWA's insulating factor is activated and can be asserted as an affirmative defense.

The presence of this viable defense for the appellants undermines the lower court's belief that it is of "dubious relevance" because supposedly further discovery would do little to uncover proof that the appellants directly or indirectly "donated" their land to the public to secure the

immunizing effect of the RULWA. Quite the contrary is true.

In *Friedman*, the Court stated, unequivocally, that the RULWA "affords protection to owners whose land is used for recreational purposes free of charge, *even though the landowner has not donated the land to the public for such purposes.*" 524 Pa. at 271, 571 A.2d at 373 (Emphasis added). To the same effect see *Gallo v. Yamaha Motor Corp.*, 363 Pa.Super. 308, 526 A.2d 359 (1987).

Further, we do not find merit in the argument that all previous depositions/discovery would be for naught because such steps would have to be retraced, this time to inquire of the witnesses (some nine individuals previously deposed over a period of one and one-half years) as to matters touching upon the willful and malicious misconduct standard under the RULWA.

The plaintiffs were well aware that the appellants intended to rebut any contention that they engaged in willful and malicious misconduct leading to the plaintiff's injuries. The record is consistent with such an assessment. Consequently, the plaintiffs had every chance during their initial discovery to cover this ground. They failed to do so, and certainly should not use that as an excuse to deny the appellants the opportunity to amend their answer to permit proof at trial of a possible defense to the allegations made. See *Posternack*, supra; *Zarnecki*, supra.

Even if supplemental discovery is needed, we find that neither the additional expense to the parties nor the possible delay in the trial are reasons enough separately or in tandem to justify precluding the appellants from presenting fully their defenses and allowing the case to be decided on its merits. See Appellants' Appellate Brief at page 18. Cf. *Pastore v. Anjo Construction Co., et al.*, 396 Pa.Super. 58, ——, 578 A.2d 21, 27 (1990) ("Because we find that Anjo was entitled to seek refuge under the cloak of the Workmen's Compensation Act as a 'statutory employer', we see no reason not to affirm the amendment allowance of the

court below—it did what it was permitted and required to do under the established law of amendatory pleading.")

Order reversed; jurisdiction relinquished.

BECK, J., concurs in the result.