## Zlakowski v. PennDOT

*Louis Kattelman,* for plaintiff.

*Alton G. Grube, deputy attorney general,* for the Commonwealth.

SOKOLOVE, *J.,* July 27, 1992—Before us for decision is an oral motion to dismiss made by the defendant, Commonwealth of Pennsylvania, Department of Transportation, in the course of pre-trial, evidentiary hearings. We will treat the motion at this stage of these proceedings as one for summary judgment and analyze it in accordance with the standards of Pa.R.C.P. 1035. First, we will sum-

marize the unique facts of this case and review its relevant procedural history.

On May 28, 1983, plaintiff Joseph Thomas Zlakowski was severely injured when thrown from the dirt bike he was riding on certain vacant property located on the south side of Route 1 in Falls Township, Bucks County, Pennsylvania. In 1981, Penn Central Corp., who then owned the subject property and the surrounding area, filed several eminent domain proceedings alleging a de facto taking of various properties by the Commonwealth. These actions were continuing at the time of plaintiff's accident, and Penn Central Corp. received rental payments during the summer of 1983 for billboards situated on the property subject to the eminent domain actions.

Penn Central Corp. and the Commonwealth entered into a stipulation on August 31, 1983, to settle the eminent domain cases. The stipulation recited that Penn Central Corp. would convey the disputed property, consisting of approximately 40 acres, by quitclaim deed to the Commonwealth, that the Commonwealth would be responsible for taxes on the property after September 30, 1983, and would pay damages in the amount of $1.45 million and that the date of the taking would be July 1, 1982. The property was transferred by deed on September 6, 1983, and the Commonwealth made the required payment later that same month.

Plaintiff filed a complaint on July 26, 1984, in the Court of Common Pleas of Philadelphia County against defendant Commonwealth and Conrail, alleging that either or both of these parties owned and maintained the real estate upon which the accident occurred. After the matter was transferred to our court, plaintiff filed an amended complaint on June 5, 1985. The amended complaint was identical to the original complaint, with the exception that it added Penn Central Corp. as another defendant.

The Commonwealth filed an answer with new matter to the amended complaint, asserting, among other things, that the plaintiff's cause of action against the Commonwealth was barred by sovereign immunity and did not fall within any of the exceptions enumerated in 42 Pa.C.S. §8522(b). The Commonwealth, without leave of court, filed an amended new matter on July 23, 1986, raising for the first time the affirmative defense of the Recreation Use of Land and Water Act. The Commonwealth has explained its late submission of this defense on the basis that the Recreation Act was not deemed to apply to the Commonwealth until the decision of the Supreme Court in *Commonwealth, Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986), on July 17, 1986. The Commonwealth's explanation is valid. Plaintiff neither replied to the amended new matter nor complained of the procedural irregularity. As dictated by Pa.R.C.P. 126 and in the interest of manifest justice, we find that the Commonwealth's Recreation Act defense is proper for our consideration.

Penn Central Corp. and Conrail have both been dismissed as defendants on their respective motions for summary judgment. The Commonwealth is the sole remaining party defendant.

The Commonwealth makes three arguments in support of its current motion. First, it posits that the evidence presented reveals that the accident occurred on property which was continuously owned by Penn Central Corp. and never acquired by the Commonwealth. Second, it contends that, even if the accident took place on property subject to the eminent domain proceedings and settlement, the Commonwealth did not have a sufficient interest in the property at the time of the accident to subject it to liability for the property's defective condition. Third, the Commonwealth maintains that it is, in any event,

absolved from responsibility in this matter by the terms of the Recreation Act.

We may grant the Commonwealth's motion only if the record demonstrates that there is no issue as to any material fact and that the Commonwealth is entitled to judgment as a matter of law. Pa.R.C.P. 1025(b). In this light, we will discuss the Commonwealth's arguments in the order in which they have been presented.

The evidence in the record did not pinpoint the precise location of the accident and did not by any means exclude the site from the property involved in the eminent domain litigation and ultimately transferred to the Commonwealth. The witnesses, in depositions and in the hearings before us, identified different spots on aerial photographs as the accident scene. We believe that they may have been confused about various landmarks in the photographs in reaching their conclusions. The testimony was not definitive, nor were the several chosen spots clearly referenced on the property plats, which delineated the property taken by the Commonwealth. The question of whether the accident occurred on property deeded to the Commonwealth as the culmination of the de facto eminent domain actions presents an issue of material fact which we must reserve for decision by a jury.

The second question posed by the Commonwealth depends upon an examination of the traditional tort law and the Pennsylvania Eminent Domain Code. The Commonwealth asserts that, although the stipulated date of taking of the property was July 1, 1982, almost a year before the accident, the Commonwealth did not receive title to and possession of the property until September 1983, several months after the accident. The Commonwealth claims that, pursuant to the Eminent Domain Code, 26 P.S. §1-407, it did not possess the property until it paid the agreed consideration to Penn Central Corp. Be-

cause liability for the maintenance of real property is contingent upon possession, not record ownership, according to the Commonwealth, it cannot be liable for the plaintiff's injuries.

We agree with the Commonwealth's basic premise but not with its conclusion. Pennsylvania law does impose liability against a possessor of land for physical harm to those entering upon the land, caused by the possessor's failure to exercise reasonable care. Title ownership, however, is not a sufficient basis for liability. It is the possessor of land, not the bare title holder, who bears responsibility for dangerous conditions arising on the premises. See *Bloom v. Waste Management Inc.,* 615 F. Supp. 1002, 1015 (E.D. Pa. 1985), *aff'd,* 800 F.2d 1131; *Appeal of Bloom,* 800 F.2d 1131 and *Bloom v. United States,* 800 F.2d 1131, *aff'd; United States v. Waste Management Inc.,* 800 F.2d 1142; and *Appeal of Warner Co.,* 800 F.2d 1142. Also, it is true that in the conventional eminent domain action, which is begun by the condemnor's filing of a declaration of taking, passage of title takes place upon the filing of the declaration. *Govatos v. Redevelopment Authority of Montgomery County,* 11 Pa. Commw. 529, 314 A.2d 536 (1974); 26 P.S. §1-402. The title passes in this fashion without any possessory rights, which ripen only upon compliance with the provisions of 26 P.S. §1-407, requiring payment of, or a written offer to pay, just compensation for entitlement to possession or right of entry. *Govatos v. Redevelopment Authority of Montgomery County, supra.*

The Commonwealth acquired the property at issue here by a de facto taking or inverse condemnation, not by a direct appropriation, which is the standard condemnation procedure governed by 26 P.S. §§1-402, 1-407. These provisions cannot be strictly applied to the situation at hand so as to conclude that the Commonwealth had no

possessory interest in the land prior to its payment to the previous landowner, Penn Central Corp. Indeed, the opposite is implicated. A de facto taking occurs when an entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his or her property. *Yanssens v. Municipal Authority of Township of Franklin,* 139 Pa. Commw. 624, 591 A.2d 335 (1991); *Petition of Borough of Boyertown,* 77 Pa. Commw. 357, 466 A.2d 239 (1983). A possessor of land is one who is in occupation of the land with intent to control it. Restatement (Second) of Torts §328E(a). The record contains no evidence of the underlying circumstances of the de facto taking, which could be indicative of occupation or possession of the property by the Commonwealth preexisting the accident. Accordingly, we cannot enter judgment in favor of the Commonwealth on the theory that it was not the owner or possessor of the property.

The final question is whether, assuming that the accident happened on property for which the Commonwealth was responsible, the Recreation Act precludes plaintiff's cause of action. Upon thorough reflection, we find that it does.

The General Assembly has waived sovereign immunity as a bar to an action against Commonwealth parties for damages arising out of a dangerous condition of Commonwealth real estate where the damages could be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity. 42 Pa.C.S. §8522. The Supreme Court interpreted this section to mean that the Commonwealth may only be exposed to liability to the same extent as a private party. *Commonwealth, Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986).

Therefore, the Recreation Act restricts the liability of the Commonwealth as a landowner. *Id.*

The Recreation Act states that:

"Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on such premises to persons entering for such purposes." 68 P.S. §477-3.

Section 6 of the Recreation Act expressly excludes from the Act's protection liability for willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity or for cases where the landowner charges a fee for entry. 68 P.S. §477-6. The definition of recreational purpose in the Recreation Act includes, without limitation and among other things, pleasure driving. 68 P.S. §477-2.

The Commonwealth clearly did not charge for entry onto the land here. There further is no doubt that the plaintiff's purpose in coming onto the property to ride his dirt bike fit within a recreational purpose, such as pleasure driving, encompassed by the Recreation Act. See, e.g. *Commonwealth, Department of Environmental Resources v. Auresto,* 511 Pa. 73, 511 A.2d 815 (1986) (snowmobile riding); *Topper v. Kulp,* 397 Pa. Super. 601, 580 A.2d 794 (1990) (mini-motorbike riding); *Gallo v. Yamaha Motor Corp., U.S.A.,* 363 Pa. Super. 308, 526 A.2d 359 (1987) (snowmobile riding). The fact that the Commonwealth had not invited the plaintiff or the public onto the land for recreational use is of no consequence. The Supreme Court has held that the Recreation Act immunizes an owner whose land is used for recreational purposes, even though the landowner has not donated

the land to the public for such purposes. *Friedman v. Grand Central Sanitation,* 524 Pa. 270, 571 A.2d 373 (1990) (where the injured party was, in fact, a trespasser whose entry the landowner had taken measures to prevent). See also *Topper v. Kulp, supra; Gallo v. Yamaha Motor Corp., U.S.A., supra.*

Plaintiff contends that the issue of whether the Commonwealth was guilty of a willful or malicious failure to guard or warn against defects in the property, so as to remove this matter from the insulation of the Recreation Act, is for the jury to decide. After scrutinizing plaintiff's amended complaint, we cannot agree.

In pertinent part, the amended complaint alleges as follows:

"(1) At the time of the occurrence hereinafter set forth, defendant PennDOT and/or defendant Conrail and/or defendant Penn Central Corp. was the owner of, and maintained the real estate at the premises located at the southeast corner of Route 13 and U.S. Highway Route 1, Levittown-Fairless Hills, Pennsylvania.

"(2) Said real estate consisted of an open field which defendants knew or should have known was used by motorcycle riders.

"(3) There was free access to and between the roadways of Route 13 and U.S. 1 and the property of defendants.

"(4) Plaintiff avers that it became and was the duty of the defendants to keep and maintain said property in a good and safe condition so that said area and property should not constitute a menace, danger, nuisance, snare or trap for the (sic) persons whom defendant knew to be using the property.

"(5) Notwithstanding said duty the defendants on May 28, 1983, and for a long time prior thereto, negligently

permitted the property to become and remain so full of ruts and holes as to (sic) constitute a menace, danger, nuisance, snare and trap for the persons upon said premises.

"(6) On or about May 28, 1983, at or about 3 p.m. the plaintiff, while riding his motorcycle on said field owned by the defendants, was caused to be thrown from said motorcycle when it struck a rut or hole causing the plaintiff to be catapulted from the motorcycle with great force and violence whereby he sustained certain injuries as hereinafter more particularly set forth.

"(7) The aforesaid occurrence was due entirely to the negligence of defendants, their servants, agents or employees acting within the scope of their employment for and in behalf of the defendants.

"(8) The negligence of the defendants, its servants, agents and employees as aforesaid, consisted of:

"(a) failing to maintain said property in a condition which would protect and prevent them from falling into ruts and/or holes;

"(b) permitting the said field to become and remain in a condition with ruts and holes so as to constitute a menace, danger, nuisance, snare and trap for persons on said property;

"(c) failing to have said property inspected at reasonable intervals in order to determine the condition of said property;

"(d) failing to warn persons using the property of the dangerous conditions of the said property;

"(e) disregarding the rights and safety of the plaintiff and other persons upon the property;

"(f) otherwise failing to exercise due care under the circumstances.

"(9) As the result of the aforesaid negligence plaintiff was caused to suffer various physical injuries in and about his person;..."

The complaint pleads only a cause of action for simple, ordinary negligence. Plaintiff has not averred that the Commonwealth deliberately, intentionally or knowingly failed to guard or warn against a dangerous condition, use or activity on the property, which would be necessary to state the elements of willfulness or maliciousness. *Jones v. Cheltenham Township*, 117 Pa. Commw. 440, 543 A.2d 1258 (1988). Because plaintiff has failed to plead willful or malicious negligence by the Commonwealth, his action is barred by the Recreation Act and cannot be submitted to a jury. Nor, since the statute of limitations has run, would it be appropriate for us to allow the plaintiff to amend his complaint to allege willful or malicious conduct by the Commonwealth. Such an amendment would improperly create a new and different cause of action after the expiration of the statute of limitations. See *Jones v. Cheltenham Township, supra.*

We realize that the Honorable Oscar S. Bortner earlier denied a summary judgment motion by the Commonwealth which included the Recreation Act as a supporting ground. We do not believe that Judge Bortner's decision prohibits our present ruling, particularly because his decision was entered before the appellate courts clarified in the *Gallo* and *Friedman* cases that the Recreation Act applies even when the landowner has not offered the land for public, recreational use.

The Commonwealth is entitled to judgment in its favor on this record pursuant to the Recreation Act. We enter the following

## ORDER

And now, July 27, 1992, upon consideration of the motion to dismiss of defendant Commonwealth of Pennsylvania, Department of Transportation, and after hearing and review of the memoranda of law, it is hereby ordered and decreed that the motion will be treated as a motion for summary judgment and is granted. Judgment is entered with prejudice in favor of defendant Commonwealth of Pennsylvania, Department of Transportation and against plaintiff.