# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vanessa Martin,                          :
                    Appellant            :
                                         :
          v.                             :    No. 285 C.D. 2015
                                         :    Argued:  February 8, 2016
City of Philadelphia and Brian Mussaw    :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  March 2, 2016**


          Appellant Vanessa Martin (Martin) appeals from an order of the Court
of Common Pleas of Philadelphia County (trial court), which granted the City of
Philadelphia's (City) motion for summary judgment.  In so doing, the trial court
concluded that the City was immune from liability for the injuries Martin sustained
in a motor vehicle accident involving one of the City's vehicles.  We now affirm.

          For purposes of summary judgment, the undisputed material facts are
as follows.  On March 16, 2011, Michael Ferrill (Ferrill), a City employee, was
operating a truck equipped with a snow plow at the Philadelphia International
Airport (Airport).  Ferrill noticed that a door at one of the Airport's terminals was
either open or broken.  Ferrill exited the truck to close the door, leaving the truck
unlocked and running.  While Ferrill was closing the door, Brian Mussaw

(Mussaw)[1] absconded with the truck. Ferrill attempted to contact the police by using a courtesy phone at the terminal, but could only hear a busy signal. Ultimately, Ferrill used his cell phone to call for help. Mussaw left the Airport in the City's truck and proceeded north on U.S. Interstate 95. Mussaw collided with Martin's vehicle, causing Martin to sustain severe injuries.

In a complaint filed on January 28, 2013, Martin alleged that the City and Mussaw's negligence directly and proximately caused her injuries. (Reproduced Record (R.R.) at 4-5, Compl. ¶ 9.) With respect to the City, Martin alleged that the City's negligence in leaving the truck unattended allowed for Mussaw to take possession of the truck and cause Martin's injuries. Martin also claimed that the City negligently entrusted its vehicle to Ferrill and that the City's actions constituted gross negligence or willful misconduct so as to justify the imposition of punitive damages. The City filed preliminary objections concerning Martin's claim for punitive damages, which the trial court overruled. The City filed an answer and new matter, denying the material allegations of Martin's complaint and asserting, *inter alia*, that Martin's claims were barred by the applicable statute of limitations, Martin failed to state a cause of action against the City, and Mussaw alone was liable to Martin for her damages. The City did not assert governmental immunity as a defense.

On August 4, 2014, following the completion of discovery, the City filed a motion for summary judgment, in which it argued that the City breached no

---

[1] Although Mussaw is named as an Appellee, he has not participated in the instant matter. As a result of his failure to file a timely brief, by order dated December 30, 2015, this Court precluded Mussaw from filing a brief or participating in oral argument.

duty to Martin, because Mussaw's actions were not foreseeable. Shortly after filing its motion for summary judgment, the City moved to amend its answer and new matter to assert the defense of governmental immunity pursuant to Section 8541 of what is commonly referred to as the "Political Subdivision Tort Claims Act" (Act), 42 Pa. C.S. § 8541. The City also filed a supplement to its motion for summary judgment, arguing that it was immune from liability. The trial court granted the City's motion to amend its answer and new matter, and it ordered Martin to respond to the City's supplemental arguments. Martin argued that the City was liable to Martin for her injuries pursuant to Section 8542(b)(3) of the Act,[2] which is referred to as the "real property exception" to governmental immunity. Specifically, Martin argued that the negligent conduct of the City concerning the care, custody, or control of its real property—namely, the courtesy phone busy signal and the open or broken terminal door—constituted a defect of the property, which led to Mussaw purloining the City's truck and injuring Martin.

On November 17, 2014, the trial court granted the City's motion for summary judgment and dismissed Martin's complaint against the City with prejudice. Martin filed a notice of appeal with this Court, and the trial court issued an opinion explaining its decision on December 11, 2014.[3] In so doing, the trial

---

[2] 42 Pa. C.S. § 8542(b)(3).

[3] The trial court did not order Martin to file a statement of errors complained of on appeal. In a subsequent opinion, the trial court explained that the original trial court judge resigned from his position on December 31, 2014. (Trial Ct. Op., Sept. 10, 2015, at 2.) The trial court reviewed the summary judgment motions and answers, and adopted the original judge's December 11, 2014 opinion. (*Id.*)

court concluded that the City was immune from liability as the real property exception was not applicable to the matter.[4] The trial court explained:

> [T]he real property exception is not applicable to the facts in this case. Neither the open terminal door at the [A]irport nor the busy signal on the courtesy phone caused this accident. This accident was caused by the actions of a mentally unstable man, . . . Mussaw, who stole a City vehicle and proceeded to drive onto Interstate 95 striking a number of cars. Furthermore, unlike her vehicle exception argument, [Martin] has put forth no facts or allegations in her [c]omplaint to support her new theory that . . . [the] City . . . is liable under the real property exception.

(Trial Ct. Op., Dec. 11, 2014, at 8.)

On appeal to this Court,[5] Martin first argues that the trial court erred in granting the City's motion to amend its answer and new matter. Martin next contends that the trial court erred in holding that Martin failed to timely raise the real property exception. Last, Martin argues that the trial court erred in granting the City's motion for summary judgment on the basis that the City is immune from liability, because the City is liable for damages pursuant to the real property exception to governmental immunity.

We first address Martin's argument that the trial court erred in granting the City's motion to amend its answer and new matter. Martin appears to contend that the City's filing of its amended answer and new matter and

---

[4] The trial court also held that the vehicle exception to governmental immunity, Section 8542(b)(1) of the Act, was not applicable to the matter. Martin does not contest this holding on appeal.

[5] This Court's standard of review of a trial court's order granting summary judgment is *de novo*, and our scope of review is plenary. *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011). Under this standard, we may reverse a trial court's order only for an error of law. *Id.*

4

supplemental motion for summary judgment was an attempt to circumvent the pre-trial motion deadline established in the trial court's case management order. (R.R. at 142.) The crux of the argument is that the City, knowing that its motion to amend would not be decided prior to the pre-trial motion deadline, improperly filed its supplemental motion for summary judgment without waiting for an order from the trial court concerning its motion to amend. This process, Martin argues, violates the Pennsylvania Rules of Civil Procedure. Thus, Martin contends that the trial court erred in granting the City's motion to amend.[6]

> The Pennsylvania Rules of Civil Procedure provide:
>
> A party, either by filed consent of the adverse party or by leave of court, *may at any time* change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense.

Pa. R.C.P. No. 1033 (emphasis added). "The right to amend pleadings is ordinarily a matter resting in the sound discretion of the trial court." *Bevans v. Hilltown Twp.*, 457 A.2d 977, 979 (Pa. Cmwlth. 1983). "The right to amend should be

---

[6] Although Martin contends that the process outlined above "is simply not within the spirit and letter of the Pennsylvania Rules of Civil Procedure," Martin fails to cite a specific rule or relevant case law in support of her position. The City argues that Martin has waived this argument due to her failure to cite to relevant legal authority in her brief. Although such a failure may constitute waiver in certain circumstances, *see, e.g.*, *American Rock Mechanics, Inc. v. Workers' Compensation Appeal Board (BIK and Lehigh Concrete Technologies)*, 881 A.2d 54, 56 (Pa. Cmwlth.), *appeal denied*, 891 A.2d 734 (Pa. 2005), this Court "has considered the merits of particular cases where defects in the brief did not preclude meaningful appellate review or result in waiver of issues." *Russell v. Unemployment Comp. Bd. of Review*, 812 A.2d 780, 783 n.3 (Pa. Cmwlth. 2002). As we are able to discern Martin's argument despite the lack of specific legal authority, we will discuss the merits.

granted at any stage of the proceedings unless there is resulting prejudice to the other party or where the amendment is against a positive rule of law." *James A. Mann, Inc. v. Upper Darby Sch. Dist.*, 513 A.2d 528, 530 (Pa. Cmwlth. 1986).

Here, the trial court had the discretion to allow the City to amend its answer and new matter unless the amendment resulted in prejudice to Martin. In her brief, Martin fails to explain how she was prejudiced by the trial court's allowance of the City's amendment of its answer and new matter. Instead, Martin takes issue with the position in which the City put the trial court: "The [City] had two (2) years to fix its pleading problems, and if it had acted timely, they [sic] would not have had to put the [trial] court in the position that it put the [trial] court, all because the [City] dropped the ball." (Martin Br. at 29.) Any prejudice to the trial court that may have resulted from the City's motion to amend is not relevant to the consideration of whether such a motion was properly granted. Because Martin has failed to establish how she was prejudiced by the trial court's actions, we reject her argument that the trial court erred in granting the City's motion to amend its answer and new matter.

We next address Martin's argument that the trial court erred in holding that Martin failed to timely raise the real property exception. Martin takes issue with the trial court's statement, in its order granting summary judgment, (Trial Ct. Order, Nov. 14, 2014), and the body of its opinion (Trial Ct. Op., Dec. 11, 2014, at 6-8), that Martin did not plead the real property exception in her complaint. Martin contends that she did not initially argue the real property exception to governmental immunity because the City did not raise governmental immunity until it filed its amended answer and new matter and supplemental motion for summary judgment. Despite Martin's contentions to the contrary, the

6

trial court's statement concerning Martin's failure to plead the real property exception in her complaint was not essential to the trial court's holding. Rather, the trial court's holding that the real property exception did not apply was based on its conclusion that Mussaw caused Martin's injuries, rather than the courtesy phone or the terminal door. We, therefore, discern no reversible error.

We next address Martin's argument that the trial court erred in granting the City's motion for summary judgment on the basis that the City is immune from liability, because the City is liable for damages pursuant to the real property exception to governmental immunity.[7] Martin argues that her injuries arose from the negligent care, custody, or control of the City's real property. The condition of the terminal door and the courtesy phone, Martin contends, constitute defects of the real property. Martin argues that had Ferrill been able to contact the police by using the courtesy phone, Mussaw would not have been able to drive the truck off Airport property and onto U.S. Interstate 95. Similarly, Ferrill "having to get out of his truck to fix this 'broken' door put all of the events in motion here and ultimately led to [Martin]'s injuries." (Martin Br. at 17-18.) Martin takes issue with the trial court's conclusion that Mussaw's actions, rather than the City's negligent care, custody, and control of its real property, were the cause of her

---

[7] Summary judgment is appropriately granted only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *401 Fourth St., Inc. v. Investors Ins. Grp.*, 879 A.2d 166, 175 n.4 (Pa. 2005); Pa. R.C.P. No. 1035.2. A party is entitled to judgment as a matter of law only where the entire record, including all pleadings, depositions, answers to interrogatories, admissions, affidavits, and expert reports, establishes that the moving party's right is "clear and free from doubt." *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009). We examine the record in the light most favorable to the non-moving party, and any doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.*

injuries, and argues that a jury should have determined whether the City's actions were a substantial contributing cause of her injury. Further, Martin argues that a jury should have decided whether Mussaw's actions constituted a superseding cause of her injury so as to relieve the City of liability for its alleged negligence. Accordingly, Martin contends that these issues represent genuine issues of material fact, and, therefore, the trial court improperly granted the City's motion for summary judgment.

We note that "[g]enerally, local agencies are immune from tort liability under Section 8541 of the . . . Act." *Gibellino v. Manchester Twp.*, 109 A.3d 336, 342 (Pa. Cmwlth. 2015). A local agency may, however, be liable for damages that are: (1) recoverable under common law or a statute creating a cause of action; (2) caused by the negligent act of the local agency or its employees acting within the scope of their employment; and (3) caused by one of the specific acts enumerated in Section 8542(b) of the Act. Section 8542(a) of the Act. Section 8542(b)(3) of the Act provides:

> **(b) Acts which may impose liability.--** The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . .
>
> (3) *Real property*.-- The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:
>
> > (i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

8

(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;

(iii) streets; or

(iv) sidewalks.

This exception applies "where acts of the local agency or its employees make the property unsafe for the activities for which it is regularly used, for which it is intended to be used or for which it may reasonably be foreseen to be used." *Moles v. Borough of Norristown*, 780 A.2d 787, 791 (Pa. Cmwlth. 2001). "Because of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed." *Lockwood v. City of Pittsburgh*, 751 A.2d 1136, 1139 (Pa. 2000).

Martin relies on the Supreme Court of Pennsylvania's holdings in *Crowell v. City of Philadelphia*, 613 A.2d 1178 (Pa. 1992), and *Powell v. Drumheller*, 653 A.2d 619 (Pa. 1995), in support of her argument that the issues of "superseding cause" and "substantial contributing cause" should have been decided by a jury. In *Crowell*, the Crowell family was travelling in their car when they were involved in a head-on collision with an intoxicated driver's vehicle. The intoxicated driver had entered into the family's lane as a result of a directional arrow that was misplaced by the City. The Crowells filed actions against both the intoxicated driver and the City, arguing that the City was liable under Section 8542(b)(4) of the Act,[8] because its negligence in misplacing the arrow

---

[8] Section 8542(b)(4) of the Act provides that a local agency may be liable for injuries which result from a dangerous condition of trees, traffic controls, and street lighting under the local agency's care, custody, or control, provided that "the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred," and that the agency had **(Footnote continued on next page…)**

9

resulted in the accident. The matter proceeded to trial, and a jury found "that the City's action did not merely facilitate the injuries but was in fact a substantial contributing *cause* of them." *Crowell*, 613 A.2d at 1181 (emphasis in original). The City filed a motion for judgment notwithstanding the verdict, which the trial court denied. On appeal, this Court reversed and entered judgment notwithstanding the verdict in favor of the City, relying on the Pennsylvania Supreme Court's holding in *Mascaro v. Youth Study Center*, 523 A.2d 1118 (Pa. 1987). The central holding of *Mascaro*, as identified in *Crowell*, was that "the real [property] exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the [Act]'s scope of liability." *Id.* at 1183 (quoting *Mascaro*, 523 A.2d at 1124 (emphasis in original)). We concluded that the City could not be liable for damages caused jointly with a third party. The Crowells appealed to the Pennsylvania Supreme Court, which reversed. In so doing, the Supreme Court explained that the *Mascaro* Court recognized "that the [Act] precludes the imposition of liability upon a governmental unit based upon a theory of vicarious liability." *Crowell*, 613 A.2d at 1183. The *Mascaro* holding was grounded in statutory interpretation and was not intended to extend to joint tortfeasor liability. The Supreme Court thus held that "a governmental unit can be subjected to liability despite the presence of an additional tortfeasor if the governmental unit's

---

**(continued…)**

notice of "the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

10

actions would be sufficient to preclude it from obtaining indemnity from another for injuries rendered to a third person." *Id.* at 1184. In applying its holding to the facts of the matter, the Supreme Court concluded:

> [T]he jury here found unequivocally that the actions of the City's employee were a substantial contributing cause of the action. Thus, since the basis of the jury's verdict was the active negligence of the City's employee misplacing the directional sign, and not merely the City's status along the chain of causation, the verdict against the City was proper, and this Court's decision in *Mascaro* is not a basis for the City's assertion of immunity.[9]

*Id.* at 1184-85 (footnote omitted).

The Supreme Court in *Crowell* also addressed the issue of superseding cause. In a footnote, the Supreme Court explained that the criminal conviction of the intoxicated driver did not "rise to the level" of a superseding cause so as to protect the City from the imposition of liability, because the driver's actions were "foreseeable." *Id.* at 1185 n.12. The Supreme Court expanded upon this principle three years later in *Powell*. There, in deciding whether the criminal acts of an intoxicated driver were, as a matter of law, a superseding cause that would relieve the Pennsylvania Department of Transportation of liability for an alleged defect in the design of a highway, the Supreme Court explained that "the proper focus is not on the criminal nature of the negligent act, but instead on whether the act was so extraordinary as not to be reasonably foreseeable." *Powell*, 653 A.2d at 624.

---

[9] In her brief, Martin contends that the holding of *Mascaro* was "expressly done away with" in *Crowell*. (Martin Br. at 20.) As described above, however, the Supreme Court simply clarified that *Mascaro* is not applicable to matters involving joint tortfeasor liability rather than vicarious liability. The Supreme Court has since reaffirmed that the *Mascaro* holding was intended "to apply in similar cases where third parties cause the harm." *Grieff v. Reisinger*, 693 A.2d 195, 197 (Pa. 1997).

Although such a determination is usually a question for the jury, the Supreme Court noted that the undisputed facts of a matter may demonstrate that certain conduct is "so 'extraordinary' as to constitute a superseding cause as a matter of law." *Id.* The Supreme Court was unable to determine from the facts of *Powell* whether the driver's conduct was sufficiently extraordinary as a matter of law, and, therefore, the issue of superseding cause was a question for the jury to decide.

Here, Martin contends that pursuant to the holdings in *Crowell* and *Powell*, a jury should have determined whether the City's actions concerning the care, custody, and control of its property were a substantial contributing cause of the accident and whether Mussaw's actions constituted a superseding cause so as to relieve the City from the imposition of liability. We disagree. In *Kiley by Kiley v. City of Philadelphia*, 645 A.2d 184 (Pa. 1994), the Supreme Court, citing *Crowell* and *Mascaro*, explained:

> We have consistently maintained our view that the focus of the negligent act involving a use of government owned or controlled land . . . must be the actual defect of the land itself and that *the rule of immunity can be waived only in those cases where it is alleged that the artificial condition or defect of the land itself causes the injury.*

*Kiley*, 645 A.2d at 187 (emphasis added). Here, it was not necessary for a jury to decide the questions of superseding and substantial contributing cause, because Martin cannot establish that the courtesy phone and the terminal door *themselves* caused her injuries. Rather, as the trial court correctly noted, the accident was caused by Mussaw's actions. This Court considered a similar issue in *Williams v. Philadelphia Housing Authority*, 873 A.2d 81 (Pa. Cmwlth. 2005). There, the Williams family alleged that the City and the Philadelphia Housing Authority negligently failed to provide security at a housing project the family was visiting when one family member was shot by a resident of the housing project. This Court

12

concluded that the family "did not allege facts to show that the shooting . . . resulted from a defect in the property; at best, the complaint averred that dangerous condition in the real property facilitated . . . [the] criminal assault." *Williams*, 873 A.2d at 87; *see also Burns v. Blair Cnty.*, 112 A.3d 690, 700 (Pa. Cmwlth.) (holding that real property exception did not apply where complaint alleged that failure to take proper security measures led to criminal assault by third party), *appeal denied*, 125 A.3d 1203 (Pa. 2015). *But see Wilson v. Phila. Hous. Auth.*, 735 A.2d 172, 175-76 (Pa. Cmwlth. 1999) (holding that real property exception applied where third party pushed plaintiff into dangerous condition of real property, causing injury). Here, as in *Williams*, Martin has at most established that the courtesy phone and the terminal door allowed for Mussaw to abscond with the City's truck. In other words, the alleged defects of the City's property merely facilitated Mussaw in injuring Martin, and "such acts are outside the scope of the exceptions to the . . . Act." *Kiley*, 645 A.2d at 187. We, therefore, reject Martin's argument that the trial court erred in granting the City's motion for summary judgment on the basis that the City is immune from liability, as the real property exception is not applicable in the instant matter.[10]

Accordingly, we affirm the trial court's order.

 

 

_____
P. KEVIN BROBSON, Judge

---

[10] Within this argument, Martin appears to argue that the courtesy phone was affixed to the Airport property so as to constitute a defect of the property within the meaning of the real property exception. Because Martin failed to establish that her injury was caused by a defect of the property itself, we need not address this argument.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vanessa Martin,            :
          Appellant       :
                             :
         v.               :    No. 285 C.D. 2015
                             :
City of Philadelphia and Brian Mussaw   :

## **O R D E R**


AND NOW, this 2nd day of March, 2016, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.


<br>

                     _____
                     P. KEVIN BROBSON, Judge