449 A.2d 639

Charles TATE

v.

Anthony MacFARLAND and Salvatore DelCiotto.

Appeal of Salvatore DelCIOTTO.

Charles TATE, Appellant,

v.

Anthony MacFARLAND and Salvatore DelCiotto.

Superior Court of Pennsylvania.

Argued Dec. 8, 1981.

Filed Aug. 13, 1982.

Lionel B. Gumnit, Philadelphia, for appellant in No. 765 and appellees in No. 911.

Mary L. Schutz, for appellant in No. 911 and appellee in No. 765.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

SPAETH, Judge:

These are cross appeals from an order entered on Charles Tate's preliminary objections in the nature of a motion to strike Salvatore DelCiotto's answer to Tate's complaint in trespass against DelCiotto.[1] Both appeals will be quashed.

In his complaint Tate alleged that he had been injured on September 25, 1978, while repairing the roof of the building at 3617 Haverford Avenue in Philadelphia, and that his injuries were in various ways the result of the negligence of Salvatore DelCiotto, who, he alleged, "owned, maintained and exclusively controlled" the building. The complaint was filed on August 1, 1980, and served on DelCiotto on August 13. An appearance was entered on behalf of DelCiotto the following day but the complaint was not answered until November 21. By then, the statute of limitations had run.

In his answer DelCiotto admitted that he was the tenant of 3617 Haverford Avenue but denied that he owned, maintained or exclusively controlled the premises. The answer included new matter, and on December 10, 1980, Tate filed a reply to the new matter.

On January 28, 1981, Tate filed preliminary objections in nature of a motion to strike DelCiotto's answer. The essence of the preliminary objections is the claim that Tate was prejudiced by the late filing of DelCiotto's answer. In Tate's view, had the answer been timely filed, he would have learned before the statute of limitations ran that DelCiotto did not own 3617 Haverford Avenue, and he would have had time to commence an action against the person who did own 3617 Haverford Avenue. In response DelCiotto alleged that the delay in filing the answer had been with permission, that any confusion concerning the ownership of 3617 was the result of Tate's carelessness in searching the public record, and that in any event, by first filing a reply to the new matter in the answer, Tate had waived the right to file preliminary objections to the answer.

1. Judgment by default was entered on October 16, 1980, against Anthony MacFarland for want of an answer or entry of appearance, and he is not a party to these appeals.

In addition to the pleadings already described, Tate served interrogatories and requests for admission on DelCiotto and also took DelCiotto's deposition. From these proceedings we see the following: The record owner of 3617 Haverford Avenue is Tony DelCiotto, the father of Salvatore DelCiotto. The deed that Tate had believed was the deed for 3617 Haverford Avenue was actually the deed for 3625 Haverford Avenue. However, the deed nowhere states the street address by which the property is known. It is probable that Tate thought that the address was 3617 instead of 3625 because Salvatore DelCiotto is grantee and the deed gives his address as 3617 Haverford Avenue.

In response to this situation, which we think it fair to characterize as a procedural mess, the lower court dismissed Tate's preliminary objections, but granted him leave to amend the caption and allegations of his complaint by deleting the name of Salvatore DelCiotto and substituting the name of Tony DelCiotto as defendant. Tate has appealed from the first part of the order, DelCiotto from the second.

■ Neither party has questioned the appealability of the lower court's order. This is, however, a question we must always ask, *sua sponte* if necessary. *Aloi v. Aloi*, 290 Pa.Superior Ct. 125, 434 A.2d 161 (1981).

■ An order dismissing preliminary objections is not a final appealable order. *Marshall v. Powers*, 477 Pa. 306, 383 A.2d 946 (1978); *Napet, Inc. v. John Benkart & Sons Co.*, 288 Pa.Superior Ct. 187, 431 A.2d 351 (1981). Since that is what Tate has appealed from, we must quash his appeal, at No. 911 Philadelphia 1981.

Whether we must also quash DelCiotto's appeal requires more discussion. DelCiotto argues on his appeal that the lower court should not have permitted Tate to amend the complaint so as to delete him as defendant and substitute his father. In his view, this is not a case where the plaintiff sued the right party but under the wrong name, in which case amendment may be permitted even after the statute of limitations has run, but rather a case where the wrong party

was sued and the attempt is being made to bring in a new party after it is too late.

As a general rule, orders granting leave to amend pleadings are interlocutory and therefore not immediately appealable. We have found no case explicitly considering the appealability by a defendant of an order granting leave to make the sort of amendment involved here—deleting the defendant's name from the complaint and substituting another's. However, in *DeRugeriis v. Brener*, 237 Pa.Superior Ct. 177, 348 A.2d 139 (1975), we reviewed the merits of just such an order on an appeal from an order granting judgment on the pleadings after the complaint had been amended. Nothing we said suggests that an earlier appeal could or should have been taken by the original defendant from the order permitting amendment of the complaint.

There is an exception to the rule that orders granting leave to amend a pleading are interlocutory. If the scope of the leave to amend is so limited that as a practical matter the pleader is put out of court, an appeal will lie. *Jones v. Nissenbaum, Rudolph & Seidner*, 244 Pa.Superior Ct. 377, 368 A.2d 770 (1976). This case is not within the exception. Here, the preliminary objections were the plaintiff's, not the defendant's, and they were dismissed, not sustained. At this point, both Tate as plaintiff and Salvatore DelCiotto as defendant are still in court. If Tate *does* amend his complaint as the lower court has given him leave to, Salvatore DelCiotto will *then* be out of the court, and Tony DelCiotto will be in court. But it is hard to see how a defendant who has not made a counter-claim can be aggrieved by being out of court. Tony DelCiotto is not yet in court, and if Tate amends the complaint to bring him in, he will not be precluded from challenging the propriety of the action against him. Because Salvatore DelCiotto is not now out of court, and because it does not appear that he would be aggrieved even if he were, he is not in position to appeal from the part of the lower court's order granting Tate leave to amend, *see* Pa.R.A.P. 501, and we must also quash his appeal, at No. 765 Philadelphia 1981.

So Ordered.