500 A.2d 1112

**James E. HOARE and Ruth Hoare, His Wife, Appellees,**

v.

**The BELL TELEPHONE COMPANY OF PENNSYLVANIA, A Corporation.**

**and**

**Appeal of MONARCH FURNITURE COMPANY, A Corporation, t/d/b/a Slumber City.**

Supreme Court of Pennsylvania.

Argued Sept. 19, 1985.

Decided Nov. 26, 1985.

Reargument Denied Jan. 28, 1986.

Donald R. Rigone, Fisher, Long & Rigone, Greensburg, for appellant.

James E. Sinwell, R.E. Valasek, R.E. Valasek Law Office, Lower Burrell, Gary M. Lang, Feldstein, Grinberg, Stein & McKee, Pittsburgh, for James E. Hoare, et ux.

B. Patrick Costello, Costello & Berk, Greensburg, for The Bell Telephone Co. of Pennsylvania, a corp.

Before NIX, C.J., and LARSEN, McDERMOTT, HUTCH-INSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

This is an appeal by Monarch Furniture Company from the Superior Court's order, 333 Pa.Super. 634, 482 A.2d 671, reversing the order of the Westmoreland County Court of Common Pleas, which had denied a motion to add an additional defendant filed by Appellees James and Ruth Hoare. We granted allocatur and now reverse.

On May 8, 1981, Appellees James and Ruth Hoare commenced a trespass action by writ of summons against The Bell Telephone Company of Pennsylvania and the Appellant Monarch Furniture Company (Monarch), a corporation t/d/b/a Slumber City, for injuries allegedly sustained on May 10, 1979 when James Hoare fell on a sidewalk. A rule to file a complaint was issued subsequently. The Hoares filed written interrogatories to the defendants on July 2, 1981. On that date, the Hoares were granted twenty days from the filing of the defendants' answers to interrogato-

ries in which to file a complaint.[1] Monarch filed its answers on August 21, 1981 which indicated that the date of its incorporation was November 19, 1979, and that prior thereto, Monarch was operated as a sole proprietorship by Milton Kotler. Both of the entities had properly registered their fictitious names. The Hoares then filed a motion to add Milton Kotler as an additional defendant because the injury complained of occurred during the time in which Monarch was operated as a sole proprietorship. The motion was denied by the court en banc. On appeal, the Superior Court reversed.

The issue presented by this appeal is whether a plaintiff may add an additional person as a defendant after the statute of limitations has expired. In *Girardi v. Laquin Lumber Co.*, 232 Pa. 1, 81 A. 63 (1911), this Court held that

Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued. If the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused. [Citation omitted]

232 Pa. at 2, 81 A. 63. The Superior Court erred in holding that the trial court had improperly refused to permit the Hoares to bring Milton Kotler into the action after the statute of limitations had run. The effect of the joinder of Kotler as another defendant was not simply to correct the name of a party who was sued under a wrong designation, but was to bring in a new party in addition to Monarch, the corporate defendant.

The Superior Court emphasized the fact that the name "Monarch Furniture Company" was maintained throughout the change of form from sole proprietorship to corporation, and found this to be analogous to *Waugh v. Steelton Taxicab Co.*, 371 Pa. 436, 89 A.2d 527 (1952), in which

1. No complaint has ever been filed.

amendment was permitted.[2]  In *Waugh*, the plaintiff had brought a trespass action against "Steelton Taxicab Company, a corporation."  After the statute of limitations had expired, the plaintiff learned that "Steelton Taxicab Company" was not a corporation, but was a fictitious name used by Anthony Kosir.  The trial court denied plaintiff's motion to amend the complaint to substitute as defendant the name of "Kosir trading and doing business as the Steelton Taxicab Company."  This Court reversed, holding that the correct agency charged with responsibility was served, even though under a wrong name, and that the naming of Kosir would not bring in a new party, but would merely correct the name of a party already on the record.

The Superior Court ignored facts which distinguish the instant case from *Waugh*.[3]  The Appellees did not seek to amend their complaint to substitute an individual doing business under a fictitious name for a non-existent corporation.  The Appellees originally sued Monarch, a viable and existing corporate entity which is subject to suit, and did not sue Kotler, an individual also subject to suit.  Unlike *Waugh*, the Appellees wish to add a party to the lawsuit.  While it is true, as the Superior Court noted, that our rules permit liberal amendment of the pleadings in order to secure a proper determination of the merits, amendment must not be so liberally allowed as to redraft a legislated statute of limitations.

The order of the Superior Court is hereby reversed.

FLAHERTY, J., did not participate in the consideration or decision of this case.

**2.**  We note, however, that the use of the word "company" or any abbreviation or derivation thereof by a proprietorship or corporation is permitted.  19 Pa.Code § 17.1(b).

**3.**  The Superior Court also relied upon the fact that the answers to interrogatories, which disclosed the date of incorporation, were delayed.  This fact is irrelevant as the plaintiff's interrogatories were not even filed until after the statute of limitations had run.  Nor has any fraud or concealment been alleged by the Appellees which would have prevented them from discovering the status of Milton Kotler or the corporate defendant.

PAPADAKOS, J., joins in this majority opinion and files a concurring opinion.

LARSEN, J., files a dissenting opinion.

PAPADAKOS, Justice, concurring.

I join the majority but write separately to express my deep concern for the cavalier manner in which lawyers, trial courts, and even appellate courts, have come to regard our Rules of Civil Procedure. More and more, the Rules are being ignored or violated in a laissez-faire attitude of "so-what-ism."

Rule 2252 of the Pennsylvania Rules of Civil Procedure, titled, *Right to Join Additional Defendants*, was adopted by this Court on February 14, 1939, made effective on September 4, 1939, and has been amended as of December 30, 1942, September 4, 1958, July 21, 1961, June 27, 1969, and January 23, 1975. In pertinent part it provides at (a):

> In any action the *defendant* or any *additional defendant* may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence of series of transactions or occurrences upon which plaintiff's cause of action is based. Pa.R.C.P. § 2252(a), (Emphasis added).

Plaintiffs, James E. Hoare and Ruth Hoare, his wife, commenced an action in trespass [1] against original defendants, Bell Telephone Company of Pennsylvania and Monarch Furniture Company, a corporation t/d/b/a Slumber City. Thereafter, *Plaintiffs* Hoare filed a "Motion to Add Milton Kotler as an *Additional Defendant* Pursuant to Pa.R.C.P. § 2252" (emphasis added).

---

**1.** Actions in Trespass are now to be known as "civil actions" per Pa.R.C.P. 1001(b)(1), amended December 16, 1983, effective July 1, 1984.

Sadly, no one has seen fit to object or point out that *plaintiffs* cannot join anyone as *additional defendants.* This method of joinder is reserved exclusively for original defendants and additional defendants. A plaintiff can no more join someone as an additional defendant than a plaintiff can commence a civil action by filing an "information" against a civil defendant. Such adherence to our Rules of Civil Procedure is not exalting form over substance, rather it guarantees uniformity of practice before all the Courts of the Commonwealth and the assurance that all parties are similarly dealt with by our legal system. As the jurisdiction of the Court can only be invoked through prescribed manners, not through agreement of counsel or the forbearance of the parties or the Court, so too parties can only be joined under well recognized rules of procedure.

Plaintiffs could have commenced a new action against Milton Kotler and sought consolidation, or they could have proceeded under the *Joinder of Parties Rules,* Pa.R.C.P. 2226, et seq. Although the majority points out that, "The Hoares then filed a motion to add Milton Kotler as an additional defendant ..." (Page 1113), the majority then properly states the issue as "... whether a plaintiff may add an additional person as a defendant ..." (Page 1113) and opines on "The effect of the joinder of Kotler as *another* defendant ..." (emphasis added; Page 1113). Perhaps the majority condones this sloppy procedure to satisfy the needs of judicial economy since the result would remain the same—dismissal of the claim against Kotler.

I would have preferred that the plaintiffs' "Motion to add Milton Kotler as an Additional Defendant Pursuant to Pa.R. C.P. 2252" had been quashed by the trial court on motion of defendants' counsel. Since that was overlooked or ignored by the parties and courts below, and I have now made my point, I concur in the result reached by our Court.

LARSEN, Justice, dissenting.

I dissent and would affirm on the basis of the unpublished Superior Court opinion which follows:

Before Rowley, Hester and Roberts, JJ.

MEMORANDUM:

Appellant James Hoare alleges he was injured on May 10, 1979 when he fell on a sidewalk. An action in trespass in the Court of Common Pleas of Westmoreland County was instituted by summons issued on May 8, 1981 by appellants James Hoare and his wife against Bell Telephone Company of Pennsylvania,[1] and Monarch Furniture Company, a corporation t/d/b/a Slumber City. On August 28, 1981, appellants filed a motion to add Milton Kotler as an additional defendant pursuant to Pa.R.C.P. 2252. The lower court en banc denied the motion on June 16, 1982. A timely appeal was filed therefrom on July 12, 1982. We reverse.

The issue is whether appellants may amend their pleadings and add an additional defendant after the statute of limitations has run.

The facts may be briefly summarized. The injuries occurred on May 10, 1979. At the time of the accident, Slumber City was owned and operated by Milton Kotler as a sole proprietorship. Kotler also owned and operated Monarch Furniture Company as a sole proprietorship. Both of these entities were registered under the Fictitious Names Act.[2] Furthermore, Monarch was registered as "Monarch Furniture Company t/d/b/a Slumber City."

On November 19, 1979, some six months following the accident, Monarch Furniture Company was incorporated. The assets of Slumber City were transferred to Monarch. All outstanding stock of Monarch was owned by Kotler and his wife. Kotler was designated President of "Monarch Furniture Company, a corporation, trading and doing business as Slumber City."

This action was instituted by Writ of Summons in Trespass on May 8, 1981. Appellants' interrogatories were filed on July 2, 1981. By order of July 2, 1981, appellants were granted twenty days after appellees filed their answers to

1. The sidewalk upon which the injuries were sustained was owned by Bell Telephone. It was raining and appellant slipped on a piece of styrofoam.

2. 54 P.S. § 28.1.

the interrogatories to file a complaint in trespass. Appellees filed their answers on August 21, 1981. Appellants filed their motion to add Kotler as an additional defendant on August 28, 1981.

Pennsylvania Rule of Civil Procedure 1033 provides: A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of the action, correct the name of a party or amend his pleading . . .

Our rules allow liberal amendment of the pleadings in order to secure a proper determination of the merits. *Saracina v. Cotoia,* 417 Pa. 80, 208 A.2d 764 (1965); *Spain v. Vicente,* 315 Pa.Super. 135, 461 A.2d 833 (1983). *See Tate v. MacFarland,* 303 Pa.Super. 182, 449 A.2d 639 (1982).

Appellees contend that appellants are attempting to add a new and unrelated party after the statute of limitations has run. The Supreme Court has agreed with similar arguments, but only in certain circumstances. *Girardi v. Laquin Lumber Co.,* 232 Pa. 1, 81 A. 63 (1911). *See also Saracina v. Cotoia, supra* (which held that an amendment to a complaint, after the statute of limitations had run, to bring in a new party to the action where there was no indication that defendant had concealed the identity of the party, could not be permitted).

The operative test is whether the right party was sued, but under a wrong designation. If such is the case, an amendment of the complaint should be permitted. It has been found proper to permit an amendment whose effect is to correct the name of the defendant, for example, an individual for a business entity, after the statute of limitations has run. *Wicker v. Esposito,* 500 Pa. 457, 457 A.2d 1260 (1983); *Waugh v. Steelton Taxicab Co.,* 371 Pa. 436, 89 A.2d 527 (1952); *Fretts v. Pavetti,* 282 Pa.Super. 166, 422 A.2d 881 (1980); *Pattinato v. Moody,* 248 Pa.Super. 32, 374 A.2d 1302 (1977). *But Cf. Cathcart v. Keene Indus. Insulation,* 324 Pa.Super. 123, 471 A.2d 493 (1984).

In *Waugh v. Steelton Taxicab Co., supra,* the court noted that in certain circumstances the word "company"

used in the name of a business enterprise reasonably suggests a corporation. The court held that plaintiff was entitled to amend, noting further that his error in pleading may have resulted from deception, whether intended or not, by the defendant.[3]

The instant case presents an analogous fact situation. The name "Monarch Furniture Company" was maintained throughout the change of form from sole proprietorship to corporation.[4] Moreover, answers to interrogatories which disclosed the corporate status were delayed. We note that appellants have not raised the issue of fraud or concealment. Nonetheless, appellants should not be prevented thereby from pursuing their action. *Cf. Cianchetti v. Kaylen,* 241 Pa.Super. 437, 361 A.2d 842 (1976).

Reversed and remanded. Jurisdiction is relinquished.

3. Note: In 19 Pa.Code § 17.B(c), Corporations and Business Associations, the use of the word "company" or any derivation or abbreviation thereof by a proprietorship or corporation shall be permissible.

4. Appellee's answer to appellants' interrogatory # 13 was that prior to November 19, 1979, Monarch Furniture Company, corporation, "was operated as a sole proprietorship by Milton Kotler t/d/b/a Monarch Furniture Company."