# Kukich v. McNeil Laboratories Inc.

*Louis Pomerico and James M. Keller,* for plaintiff.
*Ralph F. Scalera,* for defendant McNeil Laboratories, Inc.
*Edward C. Clyn,* for defendant Dr. Mohamed K. Tejpar.
*Robert J. Behling,* for defendant Jameson Memorial Hospital.

KUNSELMAN, *J.,* June 27, 1986—The preliminary objections of additional defendants, Mohamed K. Tejpar and Jameson Memorial Hospital, raise an issue of first impression: can a plaintiff join a party as an additional defendant? The resolution of this issue is important in this case because the statute of limitations has since expired as to the joined parties. A statement of the facts and procedural history of the case is necessary to focus on the issue.

Plaintiff filed her complaint against original defendant on October 31, 1983 alleging therein that plaintiff's decedent died on December 3, 1982 after ingesting a defective drug which was developed, manufactured and distributed by the original defendant.

On November 29, 1984, plaintiff filed a document with the Prothonotary of Beaver County, captioned as follows:

IN THE COURT OF COMMON PLEAS
OF BEAVER COUNTY PENNSYLVANIA

NORMA KUKICH, Executrix
of the Estate of
MARY IERACI, Deceased,

*Plaintiff,*

v.

MCNEIL LABORATORIES,
INC.,

*Defendant,*

and

MOHAMED K. TEJPAR, M.D.,
and JAMESON MEMORIAL
HOSPITAL,
*Additional Defendants.*

Civil Action

No. 1443 of 1983

TO: MICHAEL JACKSON, Prothonotary.

PLEASE ISSUE SUMMONS IN THE ABOVE EN-
TITLED CIVIL ACTION AGAINST THE ADDI-
TIONAL DEFENDANTS ABOVE NAMED.

KELLER, POMERICO, LEYMARIA & CLARK, P.C.
s/James M. Keller

James M. Keller
Attorney for Plaintiff

Dated: November 28, 1984

In response to this document, the Prothonotary of
Beaver County on November 29, 1984 issued a writ
to join additional defendant directed to Mohamed K.
Tejpar, M.D. and Jameson Memorial Hospital
which stated:

"You are hereby notified that Norma Kukich, Ex-
ecutrix of the Estate of Mary Ieraci, deceased, the
original defendant has named you as an additional

defendant in this action which you are required to defend." -

A copy of this writ was duly served upon additional defendants. Counsel for additional defendants secured judgments of non pros. On January 31, 1986, counsel for plaintiff presented a petition requesting the court to strike off the judgment of non pros entered on behalf of Mohamed K. Tejpar, M.D. Plaintiff was apparently unaware that a judgment of non pros had also been entered on behalf of Jameson Memorial Hospital. The Honorable Peter O. Steege properly revoked the judgments of non pros and the position of the additional defendants was restored on the record to the status quo ante.

Following Judge Steege's order, counsel for plaintiff filed a complaint against Mohamed K. Tejpar, M.D. and Jameson Memorial Hospital alleging therein that these parties were negligent in various respects and that such negligence was also the proximate cause of the death of plaintiff's decedent. Counsel for the doctor and hospital have filed preliminary objections wherein they question the procedure utilized by plaintiff to join them as parties. They contend therein that the procedure is so defective that the writ of summons and the complaint must be stricken with prejudice. We agree.

The Pennsylvania Rules of Civil Procedure provide the exclusive procedure for joinder of parties. Rule 2229 provides:

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action." Pa.R.C.P. 2229(b).

Rule 2252 provides:

"In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable foliable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." Pa.R.C.P. 2252(a).

Subdivision (b) of that rule provides for the joinder of a person not already a party by either a praecipe for a writ or a complaint. If the joinder is commenced by a praecipe for a writ, the form of the writ is set forth in subdivision (c).

Thus, the right of a plaintiff to join other parties is governed by Rule 2229 and the procedure would require either an amendment to the complaint or the filing of a separate lawsuit. The right of a defendant or an additional defendant to join other parties and the procedure therefore is governed by Rule 2252.

In plaintiff's brief, counsel for plaintiff argues that plaintiff sued Dr. Tejpar and Jameson Memorial Hospital by filing a praecipe for a writ of summons within the period of the statute of limitations because plaintiff had a right to do so under Rule 2229(b). At oral argument, counsel said they were not proceeding under the additional defendant rules but under Rule 2229(b) and that "we call them additional defendants but meant another defendant." He therefore requests that we dismiss the preliminary objections which are "solely on technical grounds."

While perhaps it can be said that Dr. Tejpar and Jameson Memorial Hospital were sued by the filing of a praecipe for a writ of summons within the period of the statute of limitations as plaintiff had a right to do, it cannot be said that plaintiff was proceeding under Rule 2229(b) and not Rule 2252. The praecipe to join them clearly states otherwise.

We are mindful that Pa. R.C.P. 126 requires a liberal construction of the rules to secure the just, speedy and inexpensive determination of actions and that courts, therefore, may disregard any error or defect in procedure which does not affect the substantial rights of the parties. However, ". . . this liberal principle is not designed to create a shambles in litigation. It does not warrant a total abandonment of order or regularity in the progress of a law suit. It is not a justification for chaos. . . . Rule 126 will not be interpreted to excuse all defects and irregularities as of course." Goodrich-Amran 2d §126:1

The case at bar is not like Pomerantz v. Goldstein, 479 Pa. 175, 387 A.2d 1280 (1978), which applied Rule 126 to a pleading which otherwise complied with the rules but had a wrong heading. In that case, the court said "Had the pleading been properly titled, it would have been disposed of on the merits, rather than upon the erroneous caption. It has been our policy to overlook such procedural errors when a party has substantially complied with the requirements of the rule and no prejudice will result." 479 Pa. at 178. The pleading was titled "defendant's motions for new trial" instead of "Exceptions".

We think that Rule 126 was designed to disregard errors in procedure that occur *after* the court's jurisdiction has been invoked but cannot be relied upon to disregard errors in the procedure to invoke the court's jurisdiction. In filing the praecipe in this

case, plaintiff obviously utilized Rule 2252 to invoke the court's jurisdiction over Dr. Tejpar and Jameson Memorial Hospital. By its terms, that rule is available *only* to defendants and additional defendants who wish to join other additional defendants. It is *not* available to a plaintiff. If a plaintiff wants to bring in another defendant as a party, he can either seek leave to amend the complaint to do so or file another lawsuit. To hold otherwise would create shambles in litigation and totally abandon order and regularity in the progress of a lawsuit.

While we have stated that this is an issue of first impression, we find comfort in our conclusion in the concurring opinion of Justice Papadakos in Hoare v. Bell Telephone Company of Pennsylvania, 509 Pa. 57, 500 A.2d 1112 (1985). In that case, plaintiff sued two defendants. Subsequently, plaintiff filed a "motion to add Milton Kotler as an additional defendant pursuant to Pa. R.C.P. 2252." The motion was filed after the statute of limitations expired. A majority of the Supreme Court concluded that the effect of the joinder was not simply to correct the name of a party who was sued under a wrong designation but was to bring in a new party. This cannot be done after the statute of limitations has run.

Justice Papadakos wrote separately "to express [his] deep concern for the cavalier manner in which lawyers, trial courts, and even appellate courts, have come to regard our Rules of Civil Procedure." 500 A.2d at 1114. He then said:

"Sadly, no one has seen fit to object or point out that *plaintiffs* cannot join anyone as *additional defendants*. This method of joinder is reserved exclusively for original defendants and additional defendants. A plaintiff can no more join someone as an additional defendant than a plaintiff can commence a civil action by filing an 'information' against a civil

defendant. Such adherence to our Rules of Civil Procedure is not exalting form over substance, rather it guarantees uniformity of practice before all the Courts of the Commonwealth and the assurance that all parties are similarly dealt with by our legal system. As the jurisdiction of the court can only be invoked through prescribed manners, not through agreement of counsel or the forebearance of the parties or the court, so too parties can only be joined under well recognized rules of procedure." 500 A.2d at 1114, 1115.

For the foregoing reasons, the attached order is entered.

## ORDER

And now, this June 27, 1986, the preliminary objections of Mohamed K. Tejpar, M.D., and Jameson Memorial Hospital are sustained. The writ joining them as additional defendants is quashed and the complaint against them is dismissed.