## Hostetler v. Bowersox

*Neil A. Grover,* for plaintiff.
*Kirk L. Wolgemuth,* for defendants.

WOELFEL, *J.,* August 1, 1994—The defendants filed a motion in limine seeking to preclude the plaintiff's use of 16 potential witnesses identified in the plaintiff's pre-trial memorandum, as well as in the plaintiff's tardily filed response to defendants' interrogatories. For the reasons stated below the defendants' motion will be granted and the plaintiff will not be permitted to call the objected-to witnesses.

On August 25, 1993 this court entered its order scheduling the action for trial during the third quarter of 1994, notifying the parties that a pre-trial conference would be scheduled on June 27, 1994, that voir dire was an-

ticipated to be held on July 25, 1994, and mandating that all discovery was to be completed no later than May 16, 1994. Discovery requests, which included the submitting of interrogatories, were to be made at least 30 days prior to the completion date of May 16, 1994. Untimely requests for discovery could be objected to within 10 days of the untimely requests, and if either party wished to extend discovery a petition requesting the extension was to be filed after having been signed by the party and counsel for the party requesting the extension. (See paragraph 3, status order.)

The parties agree that on April 8, 1994 the defendant served interrogatories upon the plaintiff which, among other things, sought the identity of witnesses the plaintiff intended to call at trial. The parties agree that the plaintiff's response to those interrogatories was due on May 9. The parties agree the plaintiff's response to defendants' interrogatories was not filed until June 24, 1994, approximately six weeks after the response was due to be filed pursuant to the Pennsylvania Rules of Civil Procedure.

At oral argument the parties agreed that there was a discussion between counsel on or about May 16, 1994, when defendants' counsel inquired of plaintiff's counsel as to when the defendants could expect a response to their interrogatories, and further inquired as to whether it would be necessary for the defendants to file a motion to compel answers to the interrogatories. Counsel for the plaintiff represented to the court that he had advised defense counsel that the responses would be forthcoming as plaintiff's counsel received information necessary to answer the interrogatories.

At oral argument plaintiff offered no excuse for the late filing of the responses to the defendants' interrogatories. However, plaintiff's counsel argued that responses were due from the defendants as well, that those responses were not filed in a timely fashion, and that, therefore, his delay should be excused. Plaintiff's counsel further argues that even if the plaintiff had filed his responses in a timely fashion, on or before May 9, 1994, that the defendants would have been precluded from scheduling depositions of the identified witnesses, given that pursuant to paragraph 3 of the status order, notices of the scheduling of depositions had to be filed at least 30 days prior to the completion date, and thus would had to have been filed prior to April 16, 1994. The court pointed out the last two sentences of paragraph 3 of the status order, which permit the petitioning of the court for an extension of the completion date.

The court can only consider the instant motion, and cannot consider the arguments of plaintiff's counsel that the plaintiff's tardy responses should be excused given the defendants' tardy responses. The issue before the court is whether the plaintiff should be permitted to use witnesses who were not identified until three days prior to the pre-trial conference despite the fact that the identity of those witnesses was required to be made known within 30 days after the service of the interrogatories. Pa.R.C.P. 4006(a)(2).

The preclusion of the use of the identified witnesses is a sanction provided for in the rules. Pa.R.C.P. 4019(c)(2). Plaintiff's counsel argues that the sanction of preclusion is a case of the "punishment not fitting the crime." In this case plaintiff's counsel failed to

abide by Pa.R.C.P. 4006 and paragraph 3 of the status order. There was no evidence of a written agreement between the attorneys that the plaintiff's responses to the defendants' interrogatories could be filed late. See Pa.R.C.P. 201. This court cannot permit the identifying of witnesses three days before the pre-trial conference in a matter when the identity of those witnesses was sought in a timely fashion and the disclosure of their identity was not made in a timely fashion. We share the views of Justice Papadakos, as expressed in his concurring opinion in the matter of *Hoare v. Bell Telephone Company of Pennsylvania,* 509 Pa. 57, 61, 500 A.2d 1112, 1114 (1985). Justice Papadakos wrote: "to express my deep concern for the cavalier manner in which lawyers, trial courts, and even appellate courts, have come to regard our Rules of Civil Procedure. More and more, the rules are being ignored or violated in a laissez-faire attitude of 'so-what-ism.' "

The rules are designed and published so that all may know how they are to proceed before the courts of this Commonwealth. The status order entered by the court was designed to establish deadlines in the instant case so that people could gauge their workload and what they needed to do accordingly. If the rules are to be ignored, if the orders of a court are to be ignored, there is no point in publishing the rules and issuing orders. If the rules and orders are to be ignored and no sanctions imposed there is no point in issuing the rules and orders in the first instance. Only when sanctions are imposed can the importance of rules and orders be brought home to the litigants. The rules and the status order are intended to permit the orderly progression of litigation. The status order in particular is

intended to prevent last minute scrambling to get a case trial-ready. Plaintiff's counsel would have the parties do precisely what this court attempted to avoid by arguing for the last minute scheduling of depositions of witnesses identified at the last minute. This court will not permit that.

An order consistent with this opinion will be entered.

## ORDER

And now, August 1, 1994, the defendants' motion in limine is hereby granted. The plaintiffs are hereby precluded from calling the following as witnesses during the trial of this case.

1. Titus Hostetler
2. Albert Drumheller
3. Richard McClellan
4. Glen McClellan
5. Mary McClellan
6. Leroy Miller
7. Mike Gilbert
8. Terry Gilbert
9. Elias Hoover
10. Titus Hoover
11. James Hoover
12. Daniel L. Fritz
13. Davey Zook
14. Orville G. Tittle
15. John Suspic
16. Robert Hackenberg