## Vasbinder v. Van Dorn Co.

*Bruce J. Phillips,* for plaintiff.
*Edward A. Greenberg,* for defendants.

AMMERMAN, *J.,* June 26, 1996—In this product liability case, Richard L. Vasbinder, decedent, was fatally injured on April 22, 1992 when a six-foot brass

rod was caught in a rotating buffing wheel and struck him in the head. Decedent at the time was working with a pedestal buffing machine in the course of his employment with Galbreath Manufacturing Company in Lawrence Township, Clearfield County. As a result of the death, decedent's wife, as administratrix of his estate, filed a praecipe for writ of summons on April 19, 1994 against the defendants above named. The complaint was filed on July 19, 1994. Plaintiff filed on March 22, 1996 a motion to amend caption and complaint, with defendants' answer to same being filed on April 16, 1996 contesting the requested amendment, along with a motion for summary judgment on behalf of the three named defendants. Ruling on plaintiff's motion to amend caption and complaint and on defendants' motion for summary judgment is now before the court.

In the motion to amend, plaintiff seeks to include as defendants Black & Decker (U.S.) t/d/b/a Van Dorn Company, "Black & Decker," and Van Dorn Electric Tool Company, "V.D. Tool." The record reflects, and the parties have agreed to, the following history in regard to this case: The buffer was purchased by Galbreath from R.H. Galbreath on or about January 2, 1992 in the acquisition of all of the assets and business of R.H. Galbreath used to manufacture brass beds and accessories. R.H. Galbreath purchased the buffer as part of the business assets from Larry Lauver sometime in 1986. Mr. Lauver had purchased the buffer around 1970 from a Mr. Levine, P & P Equipment Company in the New York/New Jersey area. Mr. Levine, who was a used equipment dealer, is deceased and neither P & P Equipment Company nor its records exist. The ownership history of the buffer before it came into Mr. Levine's possession is unknown, although Mr. Lauver gave his opinion that the buffer was manufactured

sometime in the 1920s. An examination of the buffer disclosed a metal plate attached to the bell housing on which was incised the name "Van Dorn Co." There were no other marks, identification or characteristics on the buffer that would further identify the manufacturer and/or seller of the same.

Following a diligent investigation, plaintiff determined that incorporated in Ohio in 1891 was the Van Dorn Ironworks Company, with the name being changed to Van Dorn Company in 1964. In December 1992, all of the outstanding stock of Van Dorn Co. was purchased by Crown Cork & Seal Company Inc. Crown then sold a division of Van Dorn Co. to Van Dorn DeMag Corporation in April 1993. No other information was able to be obtained by plaintiff concerning the "Van Dorn" buffer in this case. As noted, plaintiff filed the action against the named defendants by praecipe on April 19, 1994 with each of the defendants being duly served. The parties agree that the statute of limitations expired on April 22, 1994.

Following the initiation of the lawsuit, plaintiff proceeded with discovery in regard to all defendants. In September 1995, counsel for the defendants responded to plaintiff's request for depositions, indicating that no representatives of defendants had any "firsthand knowledge" with respect to the manufacture or sale of buffers. This indication was set forth in a letter of September 21, 1995 by Eileen M. Johnson, attorney for the three named defendants. That letter went on to state as follows:

"We have, however, investigated this matter and learned that Van Dorn sold a line of machines to Black & Decker in the 1920s. Thereafter, Black & Decker sold certain machines under the Van Dorn label for a brief period of time. We make no admission that the buffing machine in question was made by any de-

fendant. Nonetheless, dismissal of the present action should be made. We will represent Black & Decker . . . ."

No further information was obtained by plaintiff regarding the history of the buffer until March 12, 1996, when plaintiff deposed G. Randolph Blevins, a representative of Black & Decker, and March 13, 1996, through the deposition of Loren Mills, representative of DeMag. Mr. Blevins' testimony can be summarized as follows: In 1926, Black & Decker purchased Marschke Company, a manufacturer of buffers and grinders, including pedestal buffers of the type involved in this case. In 1928, Black & Decker purchased V.D. Tool which was, at that time, Black & Decker's principal competition in the portable hand tool business. V.D. Tool did not make or sell pedestal buffers. Subsequent to these two acquisitions, Black & Decker sold pedestal buffers manufactured by Black & Decker through its Marschke division. The Black & Decker catalogs disclosed also that Black & Decker sold these Marschke buffers labeled as "Van Dorn," "Van Dorn-Black & Decker" and "Black & Decker." It was believed that no buffers were made or sold after approximately 1930.

Therefore, "Van Dorn" was a trade name of Black & Decker. The use by Black & Decker of Van Dorn as a trade name in regard to buffers terminated in approximately 1930. Black & Decker ceased using this trade name for any purpose sometime in the 1950s. Upon Black & Decker's purchase of the Marschke Company, that company was immediately dissolved into Black & Decker. V.D. Tool was not dissolved as a company by Black & Decker until 1987.

The plaintiff concedes that Van Dorn Company, the named defendant, is not the same company as V.D. Tool, is not a successor of V.D. Tool, and, in fact,

is a totally independent company with no connection whatsoever with V.D. Tool, Black & Decker or the Marschke Company. The three named defendants, Van Dorn Co., Crown and DeMag, never manufactured or sold buffing machinery.

Plaintiff argues that it should be permitted to amend the complaint to properly reflect Black & Decker as a defendant pursuant to the provisions of Rule of Civil Procedure 1033. In requesting the amendment, the plaintiff alleges that it was correct in suing Van Dorn Company as Van Dorn was a trade name of Black & Decker, and therefore plaintiff sued the right party under the right name but misidentified the corporate user of the trade name. Hence, plaintiff argues that the corporate user name can be corrected without adding a new party.

The case law is clear that once the statute of limitations has expired, if a proposed amendment constitutes a simple correction of the name of a party, it should be allowed, but if the amendment in effect adds a new party, it should be prohibited. *Jacob's Air Conditioning and Heating v. Associated Heating and Air Conditioning,* 366 Pa. Super. 430, 531 A.2d 494 (1987). One rationale underlying this rule is to insure that assets originally not subject to liability will not become subject to liability through court action after the statute of limitations has run. *Zercher v. Coca-Cola U.S.A.,* 438 Pa. Super. 142, 651 A.2d 1133 (1994). Although the Rules of Civil Procedure authorize liberal amendment of pleadings to secure proper determination on the merits, such amendments must not be so liberally allowed as to redraft a legislated statute of limitations. *Hoare v. Bell Telephone Company of PA,* 509 Pa. 57, 500 A.2d 1112 (1985). When the right party is sued under the wrong name, an amendment will be permitted. *Waugh v. Steelton Taxicab Company,* 371 Pa. 436, 89 A.2d

527 (1952). However, when a plaintiff sues an existing entity and later attempts to amend to add a new entity, amendment is not permissible. *Hoare, supra.*

A consistent theme which appears to run throughout the cases which this court has reviewed is the examination of service of process. In those cases where a plaintiff has served the correct entity but has misnamed the defendant, the courts have construed request for an amendment to be one of correction and not to bring in a new party. In other words, where the correct agency charged with responsibility for the alleged wrongdoing is served, even though under a wrong name, amendment (correction) should be permitted.

In the case at bar, the plaintiff clearly sued three existing corporations. Plaintiff's motion to amend caption and complaint is an attempt to add two new and entirely different entities, being Black & Decker (U.S.) Inc. and Van Dorn Electric Tool Company, a corporation which was, as previously noted, dissolved in 1987. No proof has been offered by the plaintiff that either of the proposed new defendants is in any way related to any of the three originally named defendants, and plaintiff has admitted that there is no relationship. Neither of the proposed two new defendants were served under an incorrect name, and there is no evidence presented by the plaintiff of fraud or concealment of the status of the businesses on the part of the original defendants or the two proposed new defendants. As such, under this court's interpretation of the existing status of the law in Pennsylvania, the requested amendments to the complaint cannot be granted. While this court can certainly understand the confusion which resulted in the plaintiff's inappropriately suing the Van Dorn Co. and its successors, it still remains that the Van Dorn Co. is a viable and existing corporate entity which

is subject to suit and that plaintiff did not sue either of the two proposed new defendants, of which Black & Decker is also a separate corporate entity subject to suit. Therefore, the plaintiff is attempting to add new and separate parties as defendants subsequent to the expiration of the statute of limitations.

Plaintiff next argues that even if her attempt to amend is indeed adding additional parties following the expiration of the statute of limitations, Black & Decker has agreed to its substitution as defendant and waived the defense of statute of limitations. This claim is premised upon the letter of September 21, 1995 by Eileen M. Johnson, attorney for the defendants, as quoted in this opinion at page 237-38. Plaintiff bases its allegations on the last two lines of that letter which state as follows: "nonetheless, dismissal of the present action should be made. We will represent Black & Decker."

To constitute a waiver of a legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evident purpose to surrender it. *Brown v. City of Pittsburgh,* 409 Pa. 357, 186 A.2d 399 (1962). Waiver may be express or implied, and in the absence of any express agreement, a waiver will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless by his conduct, the opposing party has been misled, to his prejudice, into the honest belief that such waiver was intended or consented to. *Brown, supra.* Clearly, the language as set forth within counsel's letter is not an express waiver and cannot be construed in any manner by this court as an implied waiver.

Attorney Johnson's request for dismissal of the action against the three named defendants and her statement "we will represent Black & Decker" can in no way be construed as a clear and unequivocal expression

of intent by Black & Decker to waive the defense of statute of limitations or as an agreement for substitution of party defendant. The letter makes no mention of Black & Decker as a defendant, is silent as to Black & Decker's intention to pursue or relinquish any defense(s) and cannot be construed by this court as sufficient language upon which to base an express waiver or agreement. In regards to a potential implied waiver, the plaintiff has not been misled by the language as set forth within the letter. As the statute of limitations expired on April 22, 1994, and the letter was not written until September 1995, clearly the plaintiff cannot claim that she relied to her detriment in not taking some action prior to the expiration of the statute to file an appropriate document with the court to name Black & Decker as an additional defendant.

Finally, the court must make disposition on the defendant's motion for summary judgment. Plaintiff has admitted that there is no relationship which can be shown on the part of the three defendants to the manufacture or sale of the buffing machine in question or buffers in general. Therefore, the defendant's motion for summary judgment must be granted.

## ORDER

And now, June 26, 1996, it is the order of this court as follows:

(1) Plaintiff's motion to amend caption and complaint is hereby dismissed;

(2) Defendant's motion for summary judgment is granted;

(3) Plaintiff's complaint is dismissed. Judgment is hereby entered in favor of the above- named defendants;

(4) Plaintiff to be responsible for payment of record costs.