J-A29023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRUSTER'S L.P., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GOLDEN DEER CORPORATION, JCG CHERRIES LLC, | |
| APPEAL OF: GOLDEN DEER CORPORATION | |
| | No. 1927 WDA 2014 |

Appeal from the Order Entered October 29, 2014
In the Court of Common Pleas of Beaver County
Civil Division at No(s): 11420-2014

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 12, 2016**

Golden Deer Corporation ("Golden Deer") appeals from the aspects of an October 29, 2014 preliminary injunction[1] pertaining to it.  We reverse the injunction entered against Golden Deer.

Bruster's L.P. ("Bruster's") instituted this breach of contract action[2] against Golden Deer and JCG Cherries LLC ("Cherries").  On September 24,

_____

[1] An order granting a preliminary injunction is appealable pursuant to Pa.R.A.P. 311(a)(4).

[2] The contracts in question had a forum selection clause vesting jurisdiction in Pennsylvania.

2014, Bruster's presented a motion seeking injunctive relief against the named defendants. The matter proceeded to a hearing on October 24, 2014.

The following facts are pertinent. Bruster's is a Pennsylvania limited partnership headquartered in Beaver County, Pennsylvania; it operates ice cream shops in eighteen states. Golden Deer is a Georgia corporation whose president is Ashwin Manjee. On April 9, 2001, Mr. Manjee, individually, paid Bruster's $30,000 to become a Bruster's franchisee for a ten-year term. Pursuant to the franchise agreement, Mr. Manjee opened a Bruster's franchise in a building located at 2970 Stonecrest Pass, Lithonia, Georgia ("2970 Stonecrest Pass"), which is owned by the Redwood Company LLC ("Redwood").

After the April 9, 2001 accord expired, the franchise was renewed by Golden Deer and Bruster's. Specifically, on May 25, 2012, Golden Deer and Bruster's executed a new ten-year franchise agreement. Mr. Manjee signed that contract in his capacity as president of Golden Deer. The May 25, 2012 franchise contract contained a clause whereby Golden Deer agreed that it would not compete with Bruster's for three years after the franchise was terminated for any reason.

Golden Deer decided to cease operating the ice cream shop. In February 2013, Bruster's approached Cherries to operate the Bruster's franchise at 2970 Stonecrest Pass. On March 26, 2013, Bruster's entered

into a franchise agreement with Cherries. Golden Deer and Bruster's entered into negotiations to terminate the franchise. Bruster's admitted that "Golden Deer and Bruster's mutually terminated the Golden Deer Franchise Agreement and Golden Deer transferred operations of the Premises[, 2930 Stonecrest Pass,] to Defendant JCG Cherries." Complaint, 9/17/14, at ¶ 14. The franchise agreement between Cherries and Bruster's also contained a covenant not to compete.

Cherries operated its Bruster's franchise at 2970 Stonecrest Pass until July 25, 2014, when it received a letter from Bruster's that its franchise was terminated based upon Cherries' default of its financial obligations. Cherries closed its Bruster's store but, on August 9, 2014, it re-opened another ice cream parlor called Cherries at the same location, 2930 Stonecrest Pass.

Bruster's initiated this lawsuit against Cherries and Golden Deer, averring Golden Deer violated the terms of the covenant not to compete contained in Golden Deer's franchise agreement with Bruster's. Bruster's made these representations even though Golden Deer did not own 2930 Stonecrest Pass and despite the fact that it had admitted in its complaint that Golden Deer transferred its operation of the ice cream shop at 2930 Stonecrest Pass to Cherries. Bruster's alleged that Golden Deer was in violation of the non-compete clause because it was leasing the property at 2970 Stonecrest Pass to Cherries. The certified record does not contain a copy of a lease between Golden Deer and Cherries.

J-A29023-15

At the hearing, Golden Deer submitted evidence that the record owner of the property at 2970 Stonecrest Pass is Redwood, which was never joined as a party in this lawsuit. While Mr. Manjee is the registered agent for the Redwood in Georgia, Bruster's submitted no proof that either Golden Deer or Mr. Manjee owned 2930 Stonecrest Pass. After the hearing, the trial court issued a preliminary injunction against both Cherries and Golden Deer. It enjoined Cherries from operating an ice cream shop at 2970 Stonecrest Pass. Cherries did not appeal the portion of the injunction applying to it. Additionally, the court entered the following injunction against Golden Deer:

> a.) Golden Deer Corp. is enjoined until March 1, 2016 from either directly or indirectly renting, leasing, subletting, assigning or otherwise transferring possession of the building located at 2970 Stonecrest Pass, Lithonia, GA 30038 to Cherr[ies] or any other entity for operating it as an ice cream or yogurt shoppe.

> b.) Ashwin Manjee, as the owner of Golden Deer Corp. acting alone or in conjunction with any other partnership, corporation or other entity, is enjoined until March 1, 2016 from either directly or indirectly (including through Redwood, LLC, an entity of which he is a member) renting, leasing, subletting or otherwise transferring possession of the building located at 2970 Stonecrest Pass, Lithonia, GA 30038 to Cherry's or any other entity for operating it as an ice cream or yogurt shoppe. Accordingly, **Golden Deer Corp. is directed to have Redwood, LLC terminate its lease with Cherr[ies] within one week from the entry of this Order.**

Order of Court, 10/29/14, at 1.

- 4 -

Golden Deer appealed from the October 29, 2014 order and raises these issues on appeal:[3]

A. Whether the trial court erred by failing to consider the evidence of Bruster's unclean hands which should have invalidated its right to an equitable remedy as a matter of law.

B. Whether the trial court erred in granting injunctive relief for Brusters by seeking to compel Golden Deer Corporation to compel non-parties to take actions in furtherance of preventing harm to Brusters.

C. The court erred by enjoining property outside the Commonwealth that is not connected to the party's in the litigation.

Appellant's brief at 8.

As we agree with Golden Deer's second contention,[4] we do not address the remaining ones. We are mindful that "an appellate court reviews an order granting or denying a preliminary injunction for an abuse of

_____

[3] According to the docket, on December 1, 2014, the trial court issued an order for a Pa.R.A.P. 1925(b) statement. Golden Deer sent the trial court a copy of the statement, but it did not file it of record. The trial court maintains that these issues were waived due to the failure to file the statement. It is true that the failure to file a Pa.R.A.P. 1925(b) statement, when one is ordered, will result in waiver. However, the order requiring that the statement be filed must "specify[, *inter alia*,] that any issue not properly included in the Statement timely filed and served pursuant to sub division (b) shall be deemed waived." Pa.R.A.P. 1925(a)(3)(iv). Ironically, the order requiring the Pa.R.A.P. 1925(b) statement is also not in the certified record. While the docket notes that the order was sent, the docket does not indicate that this mandated language was included in that order. Hence, we decline to find the issues herein waived.

[4] Additionally, Golden Deer's first position, pertaining to unclean hands, was not preserved in the Pa.R.A.P. 1925(b) statement mailed to the trial court, which did not address it.

discretion." ***SEIU Healthcare Pennsylvania v. Commonwealth***, 104 A.3d 495, 501 (Pa. 2014). We do not examine the merits of the lawsuit and, instead, must determine if "there were any apparently reasonable grounds for the action of the court below." ***Id***. (citation omitted). A preliminary injunction may not be issued unless the party seeking that relief establishes the following essential prerequisites:

> (1) the injunction is necessary to prevent immediate and irreparable harm that cannot be compensated adequately by damages; (2) greater injury would result from refusing the injunction than from granting it, and, concomitantly, the issuance of an injunction will not substantially harm other interested parties in the proceedings; (3) the preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; (4) the party seeking injunctive relief has a clear right to relief and is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and, (6) the preliminary injunction will not adversely affect the public interest.

***Id***. at 502.

In the present case, Bruster's failed to establish its right to the relief granted against Golden Deer, and the trial court had no apparently reasonable grounds for finding otherwise. Golden Deer was not operating a franchise in violation of the non-competition clause of its franchise agreement; Cherries had opened the ice cream shop in violation of its non-compete clause. Indeed, Golden Deer was not enjoined for operating an ice cream store, and, instead, was enjoined from granting possession, in any form, of 2970 Stonecrest Pass to Cherries or any other ice cream or yogurt

business. It also was ordered to direct Redwood to terminate the lease that Redwood had entered with Cherries.

As both the trial court and Bruster's acknowledge, Golden Deer does not own 2970 Stonecrest Pass. We cannot fathom how either the trial court or Bruster's can believe that a party that does not own or occupy a piece of real estate can be enjoined from conducting activities on it. Indeed, Bruster's specifically admitted in its complaint that Golden Deer transferred its operations on the premises, 2930 Stonecrest Pass, to Cherries. Through the mechanism of entering an order against one party, Golden Deer, the trial court has attempted to compel a completely distinct entity, Redwood, from taking certain actions. Moreover, the trial court has required Redwood to abide by the terms of an agreement that it did not execute, *i.e.*, the non-competition clause in the franchise agreement entered by Bruster's with Golden Deer. The trial court and Bruster's have completely disregarded the basic legal precept that corporations are distinct legal entities.

As we have observed, "Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." *Lerner v. Lerner*, 954 A.2d 1229, 1237 (Pa.Super. 2008). Redwood was not served herein at all. A court does not have jurisdiction over a person or entity that was not served and was not made a party to an action. Redwood did not execute an agreement consenting to Pennsylvania's jurisdiction, and there is no

J-A29023-15

indication that it was subject to jurisdiction in this Commonwealth through our long-arm statute, 42 Pa.C.S. § 5301.[5]  The trial court could not enjoin

_____

[5] That enactment provides:

> **(a) General rule.**--The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:
>
> (1) Individuals.--
>
>> (i) Presence in this Commonwealth at the time when process is served.
>>
>> (ii) Domicile in this Commonwealth at the time when process is served.
>>
>> (iii) Consent, to the extent authorized by the consent.
>
> (2) Corporations.--
>
>> (i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.
>>
>> (ii) Consent, to the extent authorized by the consent.
>>
>> (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.
>
> (3) Partnerships, limited partnerships, partnership associations, professional associations, unincorporated associations and similar entities.--

*(Footnote Continued Next Page)*

the party herein to refrain from actions that only Redwood was capable of undertaking.

Bruster's first counters that "at no point before the initiation of this lawsuit was anyone at Bruster's aware of this alleged fact," which was that Redwood, rather than Golden Deer, owned 2970 Stonecrest Pass. Appellee's brief at 7. Bruster's also suggests that Mr. Manjee represented to it that he owned the building. *Id*. at 8. Bruster's is represented by legal counsel in this lawsuit, and title to real estate is a matter of public record. In order to obtain an injunction regarding activities being conducted on a piece of

*(Footnote Continued)* ————————————

> (i) Formation under or qualification as a foreign entity under the laws of this Commonwealth.
>
> (ii) Consent, to the extent authorized by the consent.
>
> (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.
>
> **(b) Scope of jurisdiction.**--When jurisdiction over a person is based upon this section any cause of action may be asserted against him, whether or not arising from acts enumerated in this section. Discontinuance of the acts enumerated in subsection (a)(2)(i) and (iii) and (3)(i) and (iii) shall not affect jurisdiction with respect to any act, transaction or omission occurring during the period such status existed.

42 Pa.C.S. § 5301.

property, Bruster's lawyers had an obligation to ascertain the correct legal owner of that property and join it as a party to the lawsuit. *See Hoare v. Bell Tel. Co. of Pennsylvania*, 500 A.2d 1112 (Pa. 1985) (owner of business allegedly responsible for maintenance of sidewalk where plaintiff fell could not be added as a party to lawsuit after statute of limitations had run where plaintiff originally sued a different and distinct entity claiming that it was responsible for condition of sidewalk).

Bruster's also notes that Mr. Manjee, as an officer of Golden Deer, must abide by the terms of the franchise agreement as well as the conditions of the injunction. *See Belle v. Chieppa*, 659 A.2d 1035 (Pa.Super. 1995) (officers, directors, and shareholders of a corporation must abide by injunction entered against the corporation). In leveling this argument, Bruster's ignores the fact that **Redwood** was not enjoined. While Mr. Manjee, if he was an officer, director, or shareholder of Redwood, would be obligated to abide by the terms of an injunction entered against Redwood, Redwood was not a party to this lawsuit and an injunction was not issued against it. Instead, Golden Deer was enjoined. Meanwhile, Golden Deer is incapable of abiding by the terms of the injunction entered against it because it does not own 2970 Stonecrest Pass and there was not a scintilla of proof presented by Bruster's that Golden Deer controls Redwood. Thus, Bruster's argument in this respect is unavailing. Accordingly, we strike the portions of the preliminary injunction entered against Golden Deer, as the

trial court had no apparently reasonable grounds for requiring Golden Deer to undertake actions outlined in the order with respect to 2970 Stonecrest Pass.

Order affirmed as to JCG Cherries LLC and reversed as to Golden Deer Corporation. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/12/2016</u>